THOMAS W. PELHAM v. JOHN H. EDWARDS, *as Sheriff of Wichita County.*

1. SHERIFF — *Order Directed to Coroner.* An order for a provisional remedy, or any other process in an action where the sheriff is a party, should be directed to the coroner. (Civil Code, § 701.)

2. — —— *Irregular Summons.* Where a summons is directed to the sheriff of a county, it is irregular for the coroner of the county to receive and serve it.

3. ———— *Order, Wrongly Issued.* An order for the delivery of personal property cannot be issued rightfully before the action is commenced.

*Error from Wichita District Court.*

THE opinion states the case.

*Ward & Smith,* for plaintiff in error.

*C. H. Coan,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: Thomas W. Pelham brought this action against John H. Edwards, sheriff of Wichita county, in this state, to recover the possession of certain personal property of the value of $196.45, and also for $50 as damages for the wrongful detention of the property. An affidavit for an order for the delivery of the property to the plaintiff was also filed. On the 19th day of November, 1887, the clerk of the district court issued a summons directed "to the sheriff of Coroner county." No return was made on this writ. On the 25th day of November, 1887, the clerk of the court issued another summons directed "to the sheriff of Wichita county," and delivered the same to the coroner, who executed the writ and made return thereof. On November 19, 1887, the clerk issued an order of delivery directed "to the coroner of Wichita county." This was executed by him. The term of office of John H. Edwards, as sheriff, expired on the second Monday of January, 1888, and he was succeeded by M. P. Brown. On the 25th day of April, 1889, the clerk issued another summons directed "to the sheriff of Wichita county." This was served and returned. On the 12th day of June, 1888, John H. Edwards, the defendant, filed a special motion to strike the summons and the writ of replevin from the files, upon the ground that they were not directed to or served by the proper officer, and for want of any legal service on the defendant. This motion was sustained by the court. Exceptions were taken, and the plaintiff brings the case here.

The summons of the 25th of November, 1887, was not directed to the coroner, and therefore was not issued in accordance

with the provisions of the statute. (Civil Code, § 701; Gen. Stat. of 1889, ¶¶ 1778, 1779.) It being irregularly issued, the court committed no error in setting the writ and the service thereon aside. The order of delivery of November 19, 1887, was directed to the coroner, but the service thereof was properly set aside, because it was issued before the commencement of the action, and such an order cannot rightfully issue before the action is commenced. (*Dunlap v. McFarland*, 25 Kas. 488; *Thompson v. Wheeler*, 29 id. 476.) There was no proper summons issued or service made until the 25th day of April, 1889. As no regular summons was issued or any valid service made upon the defendant within sixty days after the filing of the petition, all of the proceedings before the issuance of the summons of the 25th of April, 1889, were irregular, and therefore the ruling of the court must be affirmed. It seems that the summons of April 25, 1889, was properly directed, served, and returned. The action is pending in the court below upon that service, as it does not appear from the record presented to us that this summons or the service thereof has been interfered with by the court. If no new order of delivery is issued, the action can therefore proceed upon the service last made.

As before stated, the ruling of the district court will be affirmed, with costs.

All the justices concurring.