MORGAN AND AUSTIN v. SAMMONS.

1. PLEADINGS—MOTION TO MAKE DEFINITE—ANSWER—ACCOUNT.—It is proper to order answer made more definite and certain, which does not show which of the items of account sued on are admitted and which denied, and such defect is cured by setting up the items admitted and denying all others.

2. IBID.—DEFENSES.—The order requiring defendant to make his answer more definite was not a limitation upon his right to set up in his amended answer any additional defenses.

Before GARY, J., Greenville, July, 1902, affirmed, and WATTS, J., November, 1902, reversed.

Action by Morgan and Austin against J. A. Sammons. Defendant appeals from order of Judge Gary requiring answer to be amended, and of Judge Watts striking out answer and giving judgment to plaintiffs.

*Messrs. Blythe & Blythe,* for appellant, cite: *Was original*

*answer sufficient:* 2 Bail., 416; 59 S. C., 256; Code Proc., 179, 180, 181, 170. *Amended answer was sufficient:* Code Proc., 170, 180, 181; 65 S. C., 409.

*Mr. B. A. Morgan,* contra, cites: *What answer must contain:* Code Proc., 170, 181. *The answer as amended being stricken out, plaintiffs were entitled to judgment:* 44 S. C., 533; Code, 267.

June 19, 1903. The opinion of the Court was delivered by

MR. JUSTICE GARY. The appeal herein is from an order of Judge Gary requiring the defendant to make his answer definite and certain, and from an order of Judge Watts striking out the defendant's answer on the ground that it failed to comply with the order of Judge Gary. The fourth paragraph of the complaint is as follows:

"4. That between the 21st day of January, 1901, and April the 28th, 1901, the defendant purchased from the plaintiffs, and the plaintiffs sold and delivered as they estimated and believed to the defendant from time to time between said dates, lumber and other building material of the quantity, quality, at the prices named and delivered at the buildings named at the times stated in the verified, itemized statement of account hereto attached, incorporated in and made a part of this complaint, and the defendant agreed to pay the prices charged therefor which were reasonable."

The exhibit contained several pages of items.

The second and third paragraphs of the defendant's answer to the complaint are as follows:

"II. Further answering, this defendant admits that between the dates mentioned in sec. 4 of the complaint he did purchase certain lumber and other building materials from the plaintiffs, to be used in constructing the three houses mentioned in the itemized statement of the account in the complaint herein, to wit: the Hayes house, the Green house, and the Hellams house; and that the materials so purchased

were used by him in the construction of said houses; but he denies that the account attached to the complaint, as a part thereof, is correct, and he further alleges that he has paid the plaintiffs in full for all the materials so purchased by him, and delivered at the buildings named in said complaint, and denies that he owes them anything whatever on account thereof.

"III. Further answering, this defendant denies each and every allegation in said complaint contained, except as herein admitted, explained or denied."

The plaintiffs' attorney gave notice that he would make a motion requiring the defendant to make his answer definite and certain: "That is to say, paragraph two of said answer, by setting forth the items of or wherein the itemized statement of account attached to and made a part of said complaint is incorrect; and further, by showing which items he used in the construction of the houses therein admitted and paid for as alleged in said answer, and upon your failure to so make more definite and certain as the Court may require, that the answer be stricken out and judgment be entered for the sums demanded in the complaint. That said motion will be made upon the pleadings herein."

Judge Gary signed the following order: "That the defendant be and he is hereby required, within forty days from the date of this order, to serve upon plaintiffs' attorney his amended answer, fully setting forth wherein the itemized statement of account is incorrect, as alleged in the answer; also, what items of said account were used in the respective houses named in the answer, and which items have been paid for, as alleged in said answer.

"It is further ordered, that upon the failure of defendant to serve such amended answer within the time herein fixed, that the answer heretofore served be stricken out, and the plaintiffs allowed to apply for an order granting the relief prayed for in the complaint as by default."

The second, third, fourth and fifth paragraphs of the amended answer are as follows:

"II. Specifically answering paragraphs 3 and 4 of the complaint, this defendant admits that between the said 21st day of January, 1901, and the said 28th day of April, 1901, he purchased from the plaintiffs, and the plaintiffs sold and delivered to him, from time to time between said dates, lumber and other buildings named in the complaint, to wit: the Hayes house, the Green house, and the Hellams house, but denies that the quantity and quality of the said materials are correctly set forth in plaintiffs' itemized account, and made a part of his complaint; and he further denies that he agreed to pay the prices therein charged, and denies that such prices so charged were reasonable.

"III. Further answering, this defendant alleges that the materials so purchased by him from plaintiffs and used in the John W. Hayes house amounted to $104.17; the amount so purchased and used in the Green house amounted to $144.49; and the amount so purchased and used in the Hellams house amounted to $118.67; aggregating for the three houses the sum of $367.23; and he further alleges that he paid to the plaintiffs, before the commencement of this action, the whole amount of said sum above specified, and that he has actually overpaid the same by the sum of $78.30, all of which is specifically shown by an itemized account herewith filed as part of this answer.

"IV. This defendant here sets up the said sum of $78.30 as a counter-claim, and demands judgment therefor in this action.

"V. This defendant, further answering, denies each and every other allegation in said complaint contained, not herein specifically admitted or denied, and demands judgment for the said sum of $78.30 and the costs of this action."

The form of the itemized statement is as follows:

"Statement of account between J. A. Sammons and Morgan & Austin.  Material used in the John W. Hayes house:

| | | |
|---|---:|---:|
| 1,200 ft. siding | $13 | 20 |
| 350 ft. ceiling | 3 | 85 |
| 7 bbls. lime | 5 | 95 |

| | | |
|---|---|---|
| 1,000 ft. 7-8 flooring | 16 | 00 |
| 8,000 shingles | 24 | 00 |
| 500 ft. 1x3 | 5 | 00 |
| 5,000 laths | 10 | 00 |
| 250 lbs. nails | 6 | 95 |
| 2 doors 2x6 | 2 | 00 |
| 2 doors 2x6 | ·2 | 00 |
| 3 doors 2x6 | 2 | 70 |
| 250 ft. 4 moulding | 2 | 50 |
| 250 ft. 7-8x10 | 3 | 12 |
| 50 lbs. gray ochre | 2 | 50 |
| 5 gals. raw oil | 3 | 50 |
| 6 pr. butts | | 90 |

Total.........................$104 17"

(The account is similar as to the materials furnished for building the two other houses.)

SUMMARY.

"Materials received on Hayes house.....$104 17
Cash paid by J. A. Sammons........... 144 07

Balance due J. A. Sammons.......... $39 90
Materials received on Green house......$144 49
Cash paid by J. A. Sammons........... 101 56

Balance due Morgan & Austin....... ·$42 93
Materials received on Hellams house....$118 67
Cash paid by J. A. Sammons........... 200 00

Balance due J. A. Sammons........... $81 30
Total value of materials received........$367 33
Total cash paid by J. A. Sammons ....... 445 63

Total balance due J. A. Sammons..... $78 30"

The plaintiffs' attorney gave notice of a motion "for an order striking out the amended answer of the defendant above named herein on the ground that the same is not in

accordance with an order passed in this case by Judge Ernest Gary, presiding Judge, at Greenville, S. C., July the 21st, 1902, and will ask for judgment as prayed for in the complaint. The pleadings and said order will be used upon the hearing."

Upon hearing the motion, Judge Watts granted the following order:

"The above stated case came before me on notice of motion on the part of the plaintiffs for an order striking out the amended answer of the defendant on the ground that the same is not in accordance with an order passed in this case by Judge Ernest Gary, presiding Judge, at Greenville, S. C., July 21st, 1902; and further, that plaintiffs would ask for judgment as prayed for in the complaint.

"The order of Judge Gary provided further, that if the defendant failed to serve such answer as is required in said order, the original answer be stricken out, and plaintiff be allowed to apply for an order granting the relief prayed for in the complaint as by default.

"Upon hearing said motion and argument of counsel, I do not think the amended answer is in accordance with Judge Gary's order, and it is ordered, that original answer herein be and is hereby stricken out, and the plaintiffs allowed to apply for an order for the relief demanded in the complaint as by default."

It will not be necessary to consider the appellant's exceptions *seriatim.* Our conclusion is that the order of Judge Gary was proper because it did not appear from the original answer which of the items were admitted and which were denied. This defect was, however, cured when the defendant set out in his amended answer the items which he admitted and denied all the other items set out in the complaint.

As the question was discussed, whether the defendant had the right to set up a counter-claim in his amended answer, we take occasion to say that the order of

Judge Gary was not a limitation upon the right of the defendant to interpose any defenses he saw fit.

It is the judgment of this Court, that the order of Judge Gary be affirmed and that the order of Judge Watts be reversed.