## 10616

### ADEIMY v. DLEYKAN ET AL.

#### (107 S. E. 35)

1. Appeal and Error—Exception of no Cause of Action Does Not Question Sufficiency of Affidavit in Claim and Delivery.—An exception to an order discharging a rule to show cause on the ground that the Court erred in holding that plaintiff had stated a sufficient cause of action in claim and delivery, in that the pleadings failed to conform to the statute, did not raise the question of the sufficiency of the affidavit, as it is the function of the complaint, and not of the affidavit, to state the cause of action.

2. Replevin—Motion to Dismiss Cannot be Made to Serve Purpose of Demurrer.—A rule to show cause why claim and delivery proceedings should not be dismissed because no cause of action was stated cannot be made to serve the purpose of a demurrer to the complaint.

3. Appeal and Error—Exception Not Specifying Particulars in Which Affidavit in Claim and Delivery Was Insufficient Could Not be Considered.—An exception to an order discharging a rule to show cause in claim and delivery on the ground that plaintiff had not stated a sufficient cause of action, in that the pleading failed to conform to the statute, if considered as going to the sufficiency of the affidavit, could not be considered, because it did not specify the particulars in which the affidavit was insufficient.

4. Replevin—Offices of Complaint and Affidavit are Separate and Distinct.—In claim and delivery the offices of the complaint and affidavit are entirely separate and distinct, the cause of action being stated by the complaint.

5. Replevin—Affidavit Not Part of Complaint, and Need Not be Executed.—The affidavit in claim and delivery is not a part of the complaint, and need not be executed at all unless plaintiff desires to claim the immediate delivery of the property.

6. Replevin—Immediate Delivery May be Claimed When Summons is Issued, or Afterwards.—In claim and delivery, plaintiff may claim the immediate delivery of the property at the time the summons is issued, or at any time thereafter.

7. Replevin—Objection to Immediate Delivery May be Raised by Motion to Set Aside or Rule to Show Cause.—In claim and delivery, if defendant desires to contest plaintiff's right to claim the immediate delivery of the property by reason of the omission of some essential element from the affidavit, required by Code Civ.

Proc. 1912, § 258, he should move to set aside the proceedings so far as the immediate delivery of the property is concerned, but, though unnecessary, the objection may be raised by a rule to show cause.

8. REPLEVIN—MOTION TO SET ASIDE PROCEEDINGS FOR DELIVERY SHOULD BE MADE AFTER NOTICE SPECIFYING DEFECTS IN AFFIDAVIT.—A motion to set aside proceedings in claim and delivery so far as the immediate delivery of the property is concerned should be made after due notice, which should specify the alleged grounds of insufficiency of the affidavit.

9. REPLEVIN—RULE TO SHOW CAUSE WHY PROCEEDINGS NOT DISMISSED HELD TO ATTACK SUFFICIENCY OF COMPLAINT, AND NOT OF AFFIDAVIT. —A rule to show cause why claim and delivery proceedings should not be dismissed on the ground that no cause of action for claim and delivery is stated raises objections to the sufficiency of the complaint, rather than to the sufficiency of the affidavit.

10. REPLEVIN—COURT MAY PERMIT AMENDMENT OF AFFIDAVIT FOR IMMEDIATE DELIVERY.—In claim and delivery, the Court is authorized to allow plaintiff to amend his affidavit executed to obtain immediate delivery on rule to show cause why the proceedings should not be dismissed.

11. REPLEVIN—FAILURE OF COMPLAINT TO STATE CAUSE OF ACTION NOT GROUND FOR DISMISSING PROCEEDINGS FOR IMMEDIATE DELIVERY.—A motion to set aside proceedings in claim and delivery so far as the claim to immediate delivery is concerned cannot be sustained because the complaint does not state facts sufficient to constitute a cause of action, as the right to the ultimate delivery tested by the sufficiency of the complaint and the right to immediate delivery tested by the sufficiency of the affidavit must each be determined by the appropriate remedy.

Before TOWNSEND, J., Kershaw, July term, 1920.    Affirmed.

Action in Claim and Delivery by R. Adeimy against J. S. Dleykan et al.    From an order dismissing a rule to show cause the defendant appeals.

*Mr. R. E. Hanna,* for appellant, cites: *Plaintiff in claim and delivery must have a cause of action before he commences his action:* 47 S. C. 343. *Demand not necessary where it would have been futile:* 104 S. C. 376.

*Messrs. Kirkland & Kirkland and B. F. Pegues* for respondent.

May 4, 1921.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

The plaintiff instituted an action in claim and delivery on July 6, 1920, against the defendants, alleged to be partners, operating under the name of Royal Cafe. The property claimed consists of a stock of goods and fixtures located in a store-house in the city of Camden. The plaintiff gave bond or undertaking in the penal sum of $10,000 and the surety justified on July 10, 1920; the bond is without date. The fact is not distinctly stated in the record; nor the date. but we assume that the sheriff took charge of the personal property. Whether or not he delivered it to the plaintiff is, in the condition of the record, a matter of conjecture. It is equally uncertain whether or not the defendants have answered the complaint.

On July 15, 1920, the defendant Dleykan applied to and obtained from Hon. W. H. Townsend, Judge of the Fifth Circuit (who styles himself "presiding Judge," from which we infer that it was during term time at Camden,) an order requiring the plaintiff and the defendant Khoury to show cause before him in open court at Camden, on July 16th (the following day) why the claim and delivery proceedings should not be dismissed upon the ground "that no cause of action for claim and delivery is stated," or, failing in this, why the undertaking given thereunder should not be increased, the order also providing that such parties be restrained and enjoined from disposing of or interfering with the property which had been seized in the proceeding. (This order for injunction was unlimited; evidently it was intended only pending the hearing of the rule.)

It is stated in the case that, after argument of counsel, Judge Townsend passed the order which will be referred

11—s. c. 116

to later; but how the matters considered were presented to him does not appear; though it would seem from his order that certain statements, whether under oath or not we do not know, were made by Dleykan at the hearing before him.

The order of Judge Townsend contained the following conclusions: (1) That the affidavit was insufficient in not showing that Dleykan was in possession of or wrongfully detained the property from the plaintiff; (2) that these facts might be implied from the allegation that the cause of the detention by defendants was unknown; (3) that the deficiency was, supplied by the statements of Dleykan on the hearing before him that he was in possession of the goods, and claimed their return, and of his counsel that he denied, the plaintiff's claim; (4) that by these matters, the claim of Dleykan and his denial of plaintiff's title, he has waived the defects in the affidavit; (5) that it had not been made to appear that the bond or undertaking was insufficient; (6) that the rule to show cause be discharged; (7) that the restraining order be vacated; (8) that Dleykan's application for a return of the property to him be refused; (9) that the plaintiff have leave to amend his complaint and affidavit by alleging that the property was in the possession of Dleykan, and that the latter denies plaintiff's claim of title thereto.

From this order the defendant Dleykan has appealed, and particular attention is called to the grounds of appeal as set forth in the exceptions. The first exception charges error in holding that the plaintiff had stated a sufficient cause of action in claim and delivery, in that the pleadings failed to conform to the requirements of the statute. If this exception was intended to raise the question of the sufficiency of the affidavit in claim and delivery, it is entirely inadequate for that purpose. In the first place, the affidavit is not the vehicle of the cause of action; that is, the function of the complaint. The objection therefore goes to the complaint, rather than

to the affidavit, and of course the rule to show cause cannot be made to serve the purpose of a demurrer. In the second place, if the objection can be considered as going to the sufficiency of the affidavit, the exception does not specify the particulars in which it is claimed to be insufficient.

It must be borne in mind that the offices of the complaint and the affidavit in claim and delivery are entirely separate and distinct. The complaint states the cause of action; the affidavit is in no sense a part of the complaint, and need not be executed at all, unless the plaintiff desires to claim the immediate delivery of the property, which may be done at the time the summons is issued or at any time thereafter; it is essentially a subsidiary proceeding. It is clear, therefore, that an objection to the sufficiency of the complaint is in no sense an objection to the sufficiency of the affidavit. If the defendant should desire to contest the right of the plaintiff to claim the immediate delivery of the property, by reason of the omission of some essential element in the affidavit required by Section 258 of the Code, he should move to set aside the proceedings so far as the immediate delivery of the property is concerned, which motion should, of course, be made after due notice, which should specify the alleged grounds of insufficiency, 34 Cyc. 1438. There appears no objection to raising the question by a rule to show cause, which, however, is unnecessary in view of the efficacy of a simple motion. In the rule to show cause here, as in the first exception, the objections go to the sufficiency of the complaint rather than to the sufficiency of the affidavit.

The second exception charges error in allowing the pleadings to be supplemented by the statements made upon the hearing. Although the rule to show cause suggests only an insufficient statement of the plaintiff's cause of action, which, strictly, would apply only

to the complaint, the Circuit Judge treated the objections as going to the sufficiency of the affidavit, in that the affidavit did not contain, as it should, under the Code, have contained, a statement to the effect that the defendant was in possession of the property in dispute, and wrongfully detained the same from the plaintiff. His rulings were simply in justification of his order allowing the plaintiff to amend his affidavit, which he was entirely authorized to permit.　34 Cyc. 1439.

The third exception is disposed of by our rulings upon the first and second; it also goes to the sufficiency of the complaint.　Treating this matter as a motion to set aside the proceedings so far as the claim to immediate delivery is concerned, and not as a demurrer to the complaint, it is evident that the motion cannot be sustained upon the ground that the complaint does not state facts sufficient to constitute a cause of action; the right to the ultimate delivery, tested by the sufficiency of the complaint, and the right to immediate delivery, tested by the sufficiency of the affidavit, move upon different lines, and must be determined by the appropriate remedy; a demurrer, in the one case, and a motion to set aside, in the other.

The judgment of this Court is that the order of the Circuit Judge be affirmed.