13647

FIRST CAROLINAS JOINT STOCK LAND BANK OF
COLUMBIA v. STUCKEY *ET AL.*

(169 S. E., 843)

*Messrs. Robinson & Robinson,* for appellants,

*Messrs. Melton & Belser,* for respondent,

June 7, 1933.

The opinion of the Court was delivered by MR. CHIEF JUSTICE BLEASE.

The order of his Honor, Circuit Judge Stoll, in this cause, appealed from by some of the defendants, which will be reported, is entirely satisfactory to this Court.

Counsel for the appellants criticize the holdings in *McEachern v. Wilson,* 154 S. C., 201, 151 S. E., 472, and *Brewton v. Shirley,* 93 S. C., 365, 76 S. E., 988, relied upon to sustain the conclusion of the lower Court. Upon careful consideration of those cases, we are satisfied with the conclusions there announced.

If we should agree with the construction placed by appellants upon the provisions of Section 493 of the Code, as to "Amendments of Course," that the appellants had the legal

right, as a matter of course, without the permission of the Court, to put in a second amended answer, the result would be to practically prevent a case in the Court of Common Pleas from ever being tried, when a defendant desired to accomplish that purpose. If a party has the right, under the terms of that section, to file more than one amended pleading, as a matter of course, he has the right to file any number of such amended pleadings. He might continue to file and file amended pleadings, and the case would never be ready for trial. We cannot conceive that the legislative authority ever intended such consequences.

The order appealed from is affirmed.

MESSRS. JUSTICES STABLER and BONHAM concur.

MR. JUSTICE CARTER disqualified.

### ORDER ON PETITION FOR REHEARING

*Per curiam.*

In their petition for rehearing, the appellants have called attention to our failure to pass upon what they state is "a great constitutional question, to wit, the relative rights of the legislative assembly and of the judiciary where the language and meaning of the statute are clear and there is nothing to be construed."

They contend, too, that under Rule 29 of this Court, since "a constitutional question has been raised," they are entitled to have the case orally argued and not submitted upon the printed transcript of record and briefs of counsel.

We gather from the argument that the position is that the construction of what is now Section 493 of the Code, given by this Court in the cases relied upon by the Circuit Judge in the order he made, referred to in the Court's previous opinion, is in violation of Section 14 of Article 1 of the Constitution, which provides that "the legislative, executive and judicial powers of the Government shall be forever separate and distinct from each other, and no person or persons exercising the functions of one of said

departments shall assume or discharge the duties of any other."

We think the position taken is strained and without a semblance of merit. This Court, in the decisions mentioned, has not attempted to make law a duty of the legislative department. The Court has only construed the law as made by the Legislature. The duty to construe what the Legislature has written into the laws of this State rests upon this Court, when a construction is properly demanded. If the Court had failed to construe the law, when properly demanded, the Court would have failed to respond to its duty as imposed by the Constitution.

If the section of the Code here involved carried the construction contended for by the appellants, the section would clearly be violative of Section 15 of Article 1 of the Constitution, where it is declared, as to the Courts of this State, that "every person shall have speedy remedy therein for wrongs sustained." See *Rylee v. Marett*, 121 S. C., 366, 113 S. E., 483. If a defendant in a lawsuit can file, and continue to file, amended pleadings, it will be impossible for a plaintiff to have any remedy at all in the Courts, much less the "speedy remedy" guaranteed to him by the Constitution.

The case was properly submitted under Rule 29. There is no constitutional question involved. The fact that a party to a suit in this Court charges that a constitutional question is involved is not sufficient of itself to make such a question. If this were so, a party seeking delay could always claim that in some way his constitutional rights had been violated. Counsel for the appellants have overlooked the interesting case of *Duncan v. Record Publishing Co.*, 145 S. C., 196, 143 S. E., 31, 81, where we quoted with approval what Chancellor Harper said in *Pell v. Ball's Ex'rs*, 1 Rich. Eq. (18 S. C. Eq.), 419, "To decide in favor of the validity of a law which is charged to be contrary to the Constitution is certainly to decide that there is

no constitutional question involved in the case. The Constitution does not touch the question."

The petition for rehearing and for oral argument is refused, and the order staying the remittitur is revoked.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES STABLER and BONHAM concur.

MR. JUSTICE CARTER disqualified.