15532

MIDDLETON ET AL. v. ROBINSON

(25 S. E. (2d), 474)

January, 1943.

Mr. L. D. Jennings, of Sumter, S. C., Counsel for Appellants,

Messrs. Lee & Moise, of Sumter, S. C., Counsel for Respondent,

April 27, 1943.

CIRCUIT JUDGE PHILIP H. STOLL, ACTING ASSOCIATE JUSTICE, delivered the unanimous opinion of the Court:

The sole question raised by this appeal is thus stated by the appellants: "In a claim and delivery action, where the plaintiff only seeks to get possession of the property, is it necessary to serve a complaint in addition to the affidavit required by the statute?"

The record discloses that the only papers served were a summons, an affidavit and a bond. Demand was made by the respondent on the attorney for appellant for a copy of the complaint, which demand was refused, the appellant's attorney stating that no complaint was necessary in a claim and delivery action.

Thereafter, respondent moved before Judge W. H. Grimball, presiding Judge, for an order setting aside and dismissing the proceedings upon the grounds that no complaint had been served or filed and no cause of action against the respondent had been stated, and that the property seized and taken from him should be redelivered.

By his order dated January 23, 1943, Judge Grimball dismissed appellants' action on the ground that a complaint was necessary in an action for claim and delivery of personal property.

From this order appellants duly appealed. Indisputably, every action in the Court of Common Pleas must be commenced by service of a summons, and the first pleading on the part of the plaintiff is the complaint. If the complaint is not served with the summons, it must be stated in the summons where the complaint is or will be filed, and upon written demand on the part of the defendant for a copy of the complaint, it must be served upon him by the plaintiff.

Section 552, Code of Laws 1942 is as follows: "The plaintiff, in an action to recover the possession of personal property, may, at the time of issuing the summons, or at any time before answer, claim the immediate delivery of such property, as provided in this chapter."

Then follows Section 553 which provides that when delivery is claimed an affidavit must be made by plaintiff setting forth certain necessary allegations that the affidavit should contain. Upon proper affidavit and bond, the sheriff delivers the property to the plaintiff.

The appellants complied with Sections 553 and 555 and contend that compliance with these two sections plus the service of a summons is all that is necessary to maintain an action for claim and delivery of personal property.

We are not in accord with appellants' concept.

The affidavit required in Section 553 and the bond required by Section 555 are not mandatory in every claim and delivery action. Section 552 provides that plaintiff may at the time of issuing the summons, or at any time before answer, claim the immediate possession of such property by complying with Sections 553 and 555 of the Code. Whether he claims immediate possession or foregoes possession is optional with the plaintiff. However, if he does claim immediate possession, then Sections 553 and 555 become mandatory.

Section 552 says that this claim for immediate possession may be made any time before answer. If there may be an answer in an action for claim and delivery, then there must be a complaint. A claim and delivery action is an action at law. Under our Code of Civil Procedure there is but one form of action for redress of private·wrongs. In the Court of Common Pleas the form of pleading is fixed by the Code of Laws, and Section 455 provides that the first pleading on the part of the plaintiff is the complaint.

The affidavit in an action for claim and delivery is not the basis of plaintiff's cause of action but is merely the means of obtaining immediate possession of the property. The function of the complaint is to state

plaintiff's cause of action. *Adeimy v. Dleykan et al.,* 116 S. C., 159, 160, 107 S. E., 35.

All exceptions are overruled and the judgment affirmed.

MR. CHIEF JUSTICE BONHAM and MESSRS. ASSOCIATE JUSTICES BAKER, FISHBURNE and STUKES concur.