16358

PLOWDEN v. MACK
(60 S. E. (2d) 311)

See, also, 60 S. E. (2d) 57.

*Messrs. DuRant & DuRant,* of Manning, *for Appellant,*

228

*Mr. James Hugh McFaddin,* of Manning, *for Respond-ent,* 

May 22, 1950.

OXNER, Justice.

This is an action in claim and delivery for possession of two cows and two young bulls over which plaintiff claims to hold a past due mortgage executed by the defendant. It comes before us on an appeal by plaintiff from an order vacating and setting aside a seizure of the property and holding that all proceedings taken were null and void. We shall refer to the parties as they appeared in the Court below.

On Saturday, July 23, 1949, a deputy sheriff served on the defendant a complaint, affidavit and bond and took possession of the cattle. Notice was then given that pursuant to the power contained in the chattel mortgage, the cattle would be sold on Thursday, July 28th. On Wednesday morning July 27th, a summons was served but no additional complaint was filed. That afternoon the defendant filed a petition in said action assailing the validity of the proceedings upon the ground that the affidavit and undertaking were defective and insufficient in certain particulars and upon the further ground that no summons had been issued or served. He asked in this petition that the property be redelivered to him and, meanwhile, that the sheriff be enjoined from disposing of same until the further order of the Court. Upon

the filing of this petition, a temporary restraining order was granted by the resident Circuit Judge and the plaintiff was required to show cause before him on July 30th, why the property should not be returned to the defendant and the proceedings dismissed. Later that afternoon plaintiff's attorney served another affidavit and bond on the defendant identical with those which had been served four days previously.

A return to the rule to show cause was duly filed by the plaintiff and the matter was heard on July 30th. At the conclusion of the arguments, the Court announced that the proceedings were invalid and should be dismissed. Counsel for plaintiff thereupon moved to amend the affidavit, bond and other proceedings so as to supply the omissions and remedy the irregularities complained of. This motion was denied. Plaintiff's attorney then gave notice of intention to appeal to this Court and moved that all further proceedings be stayed pending said appeal. Thereafter an order was filed permanently enjoining the plaintiff from selling or otherwise disposing of the cattle but staying all proceedings pending an appeal, upon the filing of a bond by plaintiff in the sum of $1,000.00. It was further adjudged "that the claim and delivery proceedings and process heretofore issued in this case be, and the same are hereby, adjudged null and void and are hereby vacated and dismissed." The bond required by this order was filed by the plaintiff on August 3d.

The statute provides, Section 552 of the 1942 Code, that in an action to recover the possession of personal property, the plaintiff "may, at the time of issuing the summons, or at any time before answer, claim the immediate delivery of such property as provided in this chapter." Sections 553, 554 and 555 prescribe the procedure to be followed in obtaining immediate possession. Certain facts must be shown by affidavit, an undertaking with surety must be furnished by the plaintiff, and a requisition issued to the sheriff to take and deliver the property. These requirements

need not be met unless plaintiff desires to obtain immediate possession. The procedure set forth in these sections constitutes solely a subsidiary or ancillary remedy which the plaintiff may at his option pursue. *Adeimy v. Dleykan et al.,* 116 S. C. 159, 107 S. E. 35; *Middleton v. Robinson,* 202 S. C. 418, 25 S. E. (2d) 474.

Under the terms of Section 552 a proceeding to obtain immediate delivery of the property may not be commenced until the summons has been issued. No summons was issued in the instant case until four days after the property was seized by the sheriff. Did this omission invalidate the seizure? We think it did. The remedy invoked is purely statutory. The provision that the summons must be issued before the proceeding for immediate possession is commenced is mandatory. No action had been commenced when the property was seized. In *Pelham v. Edwards, Sheriff,* 45 Kan. 547, 26 P. 41, it was held that an order for the delivery of personal property cannot be issued rightfully before the action is commenced.

An analogy will be found in our attachment statute. Section 527 of the 1942 Code provides that in certain named actions "the plaintiff, at the time of issuing the summons, or any time afterwards, may have the property of such defendant or corporation attached." In *Stevenson v. Dunlap,* 33 S. C. 350, 11 S. E. 1017, 1018, the Court said: "An attachment now under the Code is not an independent action, but only a provisional remedy in aid of an action, which in itself must be legally instituted as an indispensable prerequisite to obtain an attachment." In *Smith & Melton v. Walker,* 6 S. C. 169, it was impliedly held that an attachment could not be lawfully made before the summons in the main action was issued.

It is argued that by filing a petition in the cause attacking the validity of the proceedings and by obtaining the rule to show cause heretofore mentioned, the defendant voluntarily appeared and waived the necessity of

a summons. We agree. The petition was filed without reservation and constituted a general appearance. The Court then acquired jurisdiction of the person of the defendant. But this occurred four days after the property had been seized and did not have the effect, as counsel for plaintiff seem to think, of validating the wrongful seizure. It was held in *Lester v. Fox Film Corporation,* 114 S. C. 414, 103 S. E. 775, 776, that "the acceptance of service of summons and complaint and appearance by defendant did not waive irregularities in the procurement of the attachment, or destroy his right to move to vacate and discharge the attachment of his property on account of such irregularities." In *Leavitt & Milroy Co. v. Rosenberg Bros. & Co.,* 83 Ohio St. 230, 93 N. E. 904, 906, the Court held that a defective affidavit in an attachment proceeding could not be amended and given *nunc pro tunc* effect "so as to vivify the void writ."

It further appears that the bond filed by plaintiff did not comply with Section 555 of the Code in that no provision was inserted therein for the payment of "damages suffered on account of depreciation in value of the property pending the determination of the action." Plaintiff concedes that the bond was defective in this respect but contends (1) that the question was not specifically raised in the defendant's petition, and (2) that he should have been permitted at the hearing to amend the bond by supplying the ommission. In view of our conclusion that the seizure of the property was illegal because made prior to the commencement of this action, we need not determine whether a bond may be amended so as to supply an omission of this character and, if so, whether it can be given retroactive effect. It may not be amiss to state that after the decision of the Circuit Court was rendered, a new bond properly conditioned was filed.

The validity of the affidavit is also attacked. We agree that it is defective in some particulars but all the omissions except one were supplied in the verified complaint filed along with the affidavit. It has been held that

a verified complaint may be used to augment the affidavit for the purpose of furnishing grounds for issuing a warrant of attachment. *M. Ferst's Sons & Co. v. Powers,* 58 S. C. 398, 36 S. E. 744; *Josey v. Reynolds,* 152 S. C. 339, 150 S. E. 67. No good reason appears why this rule should not be applied to proceedings in claim and delivery. The one omission not cured by the verified complaint was of such nature that it could have been remedied by amendment. *Adeimy v. Dleykan, supra,* 116 S. C. 159, 107 S. E. 35.

It follows that the Court below did not err in holding ■ that the property was wrongfully seized and should be returned to the defendant. It was error, however, to dismiss the action which the Court seems to have done. Plaintiff was entitled to have his action for possession of the property tried even though the seizure was illegal.

The foregoing disposes of all exceptions by plaintiffs ■ to the order of July 30, 1949. We now turn to plaintiff's appeal from the order settling the case. He seeks to incorporate in the record an order issued by the Court on November 2, 1949, and to appeal therefrom. His appendix discloses the following facts:

After the decision of the Court heretofore discussed was made on the morning of July 30, 1949, that afternoon the attorney for defendant gave notice to the sheriff that he excepted to the sufficiency of the surety and form of the undertaking filed by the plaintiff and that the surety would be required to justify. On August 6th a new bond was filed by the plaintiff properly conditioned and signed by a new surety who justified. On October 12, 1949, plaintiff gave notice of a motion for an order adjudging that the notice given on the afternoon of July 30th had the effect of waiving all exceptions and objections to the undertaking filed by the plaintiff. The motion was heard by the resident Judge on November 2, 1949, and denied. He took the view that this matter was not before him when he rendered his decision on July 30th and should not be considered on this appeal.

We seriously doubt whether the question sought to be raised is properly before us. It relates to a separate and distinct order issued several months after the order appealed from. We shall consider it, however, in an effort to expedite the termination of this litigation. Assuming that the notice mentioned had the effect of waiving the right to question the form of plaintiff's bond, it did not validate the unlawful seizure.

The order appealed from is affirmed in part and reversed in part, and the case is remanded for further proceedings in accordance with the views herein expressed.

FISHBURNE and TAYLOR, JJ., and L. D. LIDE, Acting Associate Justice, concur.

BAKER, C. J., and STUKES, J., not participating.