16359

MACK v. PLOWDEN

(60 S. E. (2d) 57)

*Messrs. DuRant & DuRant,* of Manning, *for Appellant,*

*Mr. James Hugh McFaddin,* of Manning, *for Respondent,*

May 22, 1950.

OXNER, Justice.

This case is an outgrowth of a proceeding in claim and delivery instituted by J. C. Plowden against Rutledge Mack for the possession of certain cattle. That action came before us on an appeal by Plowden from an order vacating and setting aside a seizure made by a deputy sheriff on July 23, 1949. In an opinion this day filed, *Plowden v. Mack,* S. C. 60 S. E. (2d) 311, we held that the property was wrongfully seized.

The instant action was brought by Mack against Plowden to recover damages for forcibly taking said property and for assaulting and arresting Mack when he refused to surrender possession. Plowden alleged in his answer that after Mack refused to deliver possession of the cattle under a past due chattel mortgage, he brought an action in claim and delivery for possession thereof and the property was lawfully seized in said proceeding by a deputy sheriff; and that it became necessary for said deputy sheriff to arrest Mack because of his threatening and violent conduct. The case comes before us on technical questions of pleading growing out of an effort by Plowden to amend his answer. The various pleadings and motions will now be reviewed in chronological order.

The summons and complaint were served on the defendant on July 27, 1949. The defendant answered on August 16, 1949. On August 18th, the plaintiff gave notice that he would move on August 25th before the Resident Judge of

the Third Circuit for an order making the answer more definite and certain in various particulars and striking out certain parts thereof upon the ground that they were irrelevant, redundant and legal conclusions. When the motion was called for hearing, defendant's counsel stated that he desired to amend his answer and took the position that the Court was without jurisdiction because he had twenty days from the date of the service of said answer to amend same as of course under the terms of Section 493 of the Code of 1942. At the conclusion of the oral arguments upon this question, the Court announced that decision thereon would be reserved and then invited counsel to proceed with the arguments on the merits of the motion, without prejudice to their rights with reference to jurisdiction. Defendant's counsel took the view that this could not be done without waiving his right to amend the answer as of course, and refused to participate further in the hearing. On September 2, 1949, the defenant served an amended answer on plaintiff's counsel who declined to accept service because the Court had under advisement the motion to strike and make more definite and certain. On October 15, 1949, an order was filed in which the Court held that the right to amend a pleading as of course under Section 493 did not apply to an answer, and since defendant's counsel had refused to participate in the argument of the motion to strike and make more definite and certain, the defendant was in default as to the motion. Accordingly, the defendant was directed to make his answer more definite and certain in the particulars mentioned within twenty days and the motion to strike certain parts of the answer was granted.

On October 22, 1949, defendant's attorneys gave notice that they would move before the Resident Judge of the Third Circuit on October 31st for an order allowing him to amend his answer by the adoption of the amended answer theretofore served on September 2, 1949. This motion was made under the provisions of Section 494 of the Code. The mo-

tion was denied in an order filed on November 22, 1949. The Court stated that the granting of this motion would have the effect of vacating the order filed on October 15th and that any relief from said order could only be given by this Court. It was further held that the new matter proposed in the amended answer should not be allowed because the facts relating thereto did not arise after the hearing of the motion to strike and make more definite and certain, and further that it was not shown that same was overlooked in the preparation of the original answer.

The defendant has appealed both from the order filed on October 15th and that filed on November 22nd.

Fortunately, the liberal provisions of our code of procedure regarding amendments to pleadings make it unnecessary for us to disentangle the web of technical questions presented. In the recent case of *Braudie v. Richland County*, S. C. 1950, 59 S. E. (2d) 548, the Court said: "It is the general rule that amendments to pleadings are favored and should be liberally allowed in furtherance of justice, in order that every case may so far as possible be determined on its real facts, unless there are circumstances such as inexcusable delay, or the taking of the adverse party by surprise, or the like, which might justify a refusal to amend."

We think the order of November 22, 1949, should be reversed. The motion denied by this order was to amend under the provisions of Section 494. In the proposed amended answer, some minor changes were made in the original answer which were evidently designed to remedy the alleged defects and remove the alleged objectionable matter involved in the motion to make more definite and certain and strike. These changes were of a rather immaterial nature. The only major amendment sought was to set out the additional defense of the pendency of another action involving the same subject matter. It was alleged in this defense that in the case of *Plowden v. Mack,* heretofore men-

tioned, Mack set up by way of counterclaim the same cause of action stated in the complaint in the instant case. The legal grounds upon which this additional defense was disallowed are untenable. The order requiring defendant to make his answer more definite and certain was not a limitation upon his right to set up in his amended answer any additional defenses. *Morgan & Austin v. Sammons*, 66 S. C. 388, 44 S. E. 966. We are unable to perceive any good reason for refusing the proposed amendment. Counsel for defendant acted in good faith and with diligence. They did nothing which would justify the penalty of being denied the right to amend. In *Johnson v. Finger, Administrator*, 102 S. C. 354, 86 S. E. 673, 674, the Court said: "While it is important that the statutes and rules of court which are designed to promote the speedy and orderly determination of causes should be complied with, it must not be forgotten that their purpose is to aid the administration of justice; and they should not be applied so as to defeat it."

While a motion to amend under Section 494 is addressed to the sound discretion of the trial Court, "this does not give the trial judge an entirely free hand in what might be termed discretionary matters." *Page v. North Carolina Mutual Life Insurance Co.*, 207 S. C. 277, 35 S. E. (2d) 716, 718. In that case an order refusing an amendment was reversed.

The foregoing conclusion renders it unnecessary to pass upon the appeal from the order filed on October 15, 1949. We might add, however, that the Court erred in holding that the right to amend as of course under Section 493 did not apply to an answer. *Fogel v. McDonald*, 159 S. C. 506, 157 S. E. 830; *First Carolinas Joint Stock Land Bank v. Stuckey et al.*, 170 S. C. 86, 169 S. E. 843. If at the hearing of the motion to strike and make more definite and certain the right of the defendant to amend as of course had been recognized, doubtless some of the confusion which followed would have been avoided.

The order filed on November 22, 1949, is reversed and the amended answer heretofore served on the plaintiff is allowed.

FISHBURNE and TAYLOR, JJ., and L. D. LIDE, A.A.J., concur.

BAKER, C. J., and STUKES, J., not participating.