17202

SYLVESTER B. ELROD, Respondent, v. MARTA TERESIA H. ELROD, Appellant

(94 S. E. (2d) 237)

*Charles Welborn, Esq.,* of Anderson, *for Appellant,*

*Messrs. Rice & Rice,* and *S. Eugene Haley,* of Anderson, *for Respondent,*

August 22, 1956.

OXNER, Justice.

This is an appeal by a wife from a decree granting a divorce to her husband upon the ground of desertion. There are numerous exceptions but we need only consider (1) the effect of the refusal of the Special Referee to take testimony deemed by him incompetent and his failure to find the facts, and (2) whether the Circuit Judge erred in refusing a motion to amend the answer.

Appellant, a woman in her fifties, was born in Sweden. She came to this country in 1949 and for a while resided in Rhode Island with her sister. Respondent, who is about 78 years old, is a resident of Anderson County. The parties were married in that county on December 5, 1953. They resided in the City of Anderson in a home provided by respondent until June 18, 1954, when they separated. Appellant then went to the nearby home of a sister where she remained about two weeks, after which she returned to Rhode Island. This action was instituted on June 20, 1955.

Respondent alleged in his complaint that on June 18, 1954, appellant, without just cause or excuse, voluntarily left the home provided by him. Appellant claimed in her answer that respondent refused to give her any money to

purchase groceries and other necessities and ordered her to leave. By way of cross-action or counter-claim, she alleged that without any fault on her part she was driven from the home, and asked for separate maintenance and support.

On August 27, 1955, by consent of the parties, the case was referred to the Probate Judge of Anderson County as Special Referee to take and report the testimony, together with his findings of fact and conclusions of law.

On September 6, 1955, appellant made a motion to amend her answer and cross-complaint by alleging, among other facts, the following: That appellant contracted from respondent a social disease; that respondent had made "lascivious and unwarranted attacks" upon the "good name and reputation" of appellant; that he conceived a design to get rid of her and drove her from the home because she refused to engage in repulsive and unnatural sexual acts; and that he had sought to place his property beyond the reach of the courts by giving fraudulent mortgages.

In an order filed on October 8, 1955, the Court denied the foregoing motion, stating that most of the facts set out in the proposed amendment could be shown under appellant's general denial, and that "in all other respects, defendant's proposed amendments are denied for the reason that same should have been set up in her answer."

Extended references were held on October 19th and December 6, 1955. The testimony on the issues raised by the pleadings was sharply conflicting. On several occasions the Special Referee declined to permit appellant to put in the record testimony ruled inadmissible. The following from the record illustrates the position of the Referee in this respect:

"Mr. Welborn: This is an offer of proof, I submit, and we are entitled to show wrongful conduct on the part of the plaintiff. This matter has been before Judge Pruitt, where we sought to amend our answer and counterclaim

—and the Judge ruled that I could introduce anything showing his conduct.

"By the Court: The Judge couldn't rule what could be introduced in my Court—he can't tell me what I shall take and what I shall not take. He is a higher judge, but * * *".

* * * * *

"By Mr. Welborn: I submit that it is proper—it is proper for Your Honor to let it come in and let the Circuit Judge pass on it—but rather than prolong this thing by another hearing, I would like to introduce into the record here her testimony, and then if you want to rule it out * * *

"By the Court: These cases are referred to me to take testimony and then to report my findings and conclusion of law back to the Circuit Judge—that is what it is referred to me to do as special referee.

"By Mr. Welborn: Well, it is my duty as lawyer for the defendant to have a proper record for the Court—because I have the right to appeal from this—

"By the Court: That's right. I am ruling this out—

"By Mr. Welborn: We want a complete record here that will speak just the truth. We submit we are entitled to introduce this evidence because this happened before this hearing. The first hearing here was October 19th.

"By Mr. Rice: If the Court please, you have already ruled.

"By the Court: Yes, I have."

■ It was the duty of the Referee to take all testimony offered even though he regarded it as inadmissible. Section 10-1409 of the 1952 Code; *Leland v. Morrison,* 92 S. C. 501, 75 S. E. 889; *Atlantic Savings Bank of Charleston v. Rowland,* 133 S. C. 1, 130 S. E. 57; *Taylor v. Taylor,* S. C., 91 S. E. (2d) 876; *Goolsby v. Goolsby,* S. C., 92 S. E. (2d) 57. Section 10-1409 above mentioned requires a master or referee to decide any objection made to testimony and if deemed inadmissible, "he shall take the

same, subject to such objection, but shall not incorporate such testimony so held by him inadmissible with the rest of the testimony in the body of his report but shall append the same separately at the end of his report."

The Special Referee in this case clearly erred in refusing to follow the foregoing procedure and we cannot say that such error was not prejudicial. In affirming his report and concluding that respondent had established a case of desertion, the Circuit Judge said: "I find that while the Special Referee did err in excluding certain portions of the testimony, I have reviewed and considered all of the offers of proof made and the statements of the attorney for the Defendant as to other matters of proof he would have been able to have submitted and have given all of these matters due consideration." But we do not think the error can be corrected in this manner. Appellant was entitled to have the testimony in the record for review by the Circuit Court and this Court.

The record further discloses another serious departure from proper practice. Section 10-1412 provides: "The referee or master must state the facts found and the conclusions of law, separately." Here the Referee made no effort to state the facts found by him. The following is all that is said as to the merits of the case: "After careful consideration of all the testimony and the plaintiff's deposition herein, I find as a fact that the material allegations of the complaint herein are true and correct in their entirety." A general conclusion of this kind falls far short of compliance with Section 10-1412. As stated in *Moore v. Johnson,* 7 S. C. 303, "The facts should be stated briefly, distinctly, and independently of any view taken of the law of the case." It is only in this way that a case tried before a master or referee can be intelligently reviewed on appeal.

The only other qusetion which we shall consider is the refusal of the Circuit Judge to permit appellant to amend her answer and cross-complaint. We find

no circumstances justifying a refusal to amend. While a motion of this kind is addressed to the sound discretion of the trial court, "this does not give the trial judge an entirely free hand in what might be termed discretionary matters." *Page v. North Carolina Mutual Life Insurance Co.,* 207 S. C. 277, 35 S. E. (2d) 716, 718. In that case an order refusing an amendment was reversed. This was also done in *Mack v. Plowden,* 217 S. C. 112, 60 S. E. (2d) 57.

The order refusing the amendment and the decree granting respondent a divorce are reversed. The case is remanded for further proceedings in accordance with the views herein expressed, with leave to appellant to move before the Court within twenty days after the remittitur goes down for an order permitting her to amend her answer and cross-complaint.

STUKES, C. J., and TAYLOR, LEGGE and MOSS, JJ., concur.