## 19949

Marian B. SIMONS, Respondent, v. Charles H. SIMONS, Appellant

(211 S. E. (2d) 555)

*Messrs. N. H. Hamilton,* and *Thomas G. MacGregor,* of Summerville, and *Frank K. Sloan,* of Columbia, *for Appellant,*

*Hans F. Paul, Esq.,* of *Paul & Belk,* North Charleston, *for Respondent,*

January 27, 1975.

Moss, Chief Justice:

Marian B. Simons, the respondent herein, instituted this action against her husband, Charles H. Simons, the appellant herein, for a divorce a *vinculo matrimonii* upon the ground of physical cruelty. Section 20-101(3) of the Code. The respondent further asked for custody of their child, Charles Daniel Simons, support for him, alimony, attorney fees, and injunctive relief. The appellant, by his answer and counterclaim, filed a general denial and asked for dismissal of the complaint, the custody of the minor child and like injunctive relief against the respondent.

The issues made by the pleadings were referred for trial to the Master in Equity for Dorchester County, who held several evidentiary hearings and thereafter filed his report, a portion thereof being as follows:

"I have reviewed the pleadings of the parties. I have reviewed the minutes of the hearing. I have reflected upon the testimony of the parties and their witnesses to support their respective positions. Not only did I hear the testimony of the witnesses, but also observed the witnesses while giving testimony. I observed the demeanor of the witnesses and considered their bias or prejudice of all or any part of the testimony. I am of the opinion that the Plaintiff has met the required burden of proof to sustain her cause of action for a divorce absolute on the grounds of physical cruelty. I find that the Plaintiff has proven her cause of action by the greater weight or the preponderance of the evidence. No further corroboration of her testimony is necessary to this end."

The Master also recommended that the custody of the minor child be given to the respondent and that the appellant be required to contribute the sum of $30.00 per week for support and maintenance together with the payment of all medical and dental expenses. He further recommended that the appellant be granted visitation privileges with the

minor child on alternate Saturdays and Sundays in the afternoon between noon and 6:00 p. m. of the same day. He recommended that the parties to this action be restrained from interfering with, molesting, or harming each other. He also recommended that the appellant be required to pay a certain sum toward the legal fees of his wife's attorney.

The appellant timely filed exceptions to the report of the Master, and the matter was heard by the Honorable Louis Rosen, Resident Judge, who thereafter filed a decree confirming the report of the Master except as to the payment of legal fees and periods of visitation of the appellant with his minor child. By this order the appellant was granted visitation privileges with his minor son on alternate Saturdays and Sundays between 10:00 a. m. and 6:00 p. m. of the same day. The trial judge also modified the award as to attorney fees.

The husband has appealed from the foregoing judgment questioning: (1) the sufficiency of the evidence to support the findings of the lower court as to physical cruelty, there being no findings of specific acts thereof; (2) the lack of any evidence corroborating such finding; (3) the award of custody of the minor child of the marriage to the respondent, she being unfit to have custody because of emotional problems; (4) the allowance of maintenance and support for the minor child; (5) the failure to award the custody of the minor child to the appellant; (6) the imposition upon the appellant of extremely limited rights of visitation with his child; and (7) the award of attorney fees to counsel for the respondent.

The burden was upon the wife to establish by a preponderance of the evidence the charge of physical cruelty against the husband. This carried with it the necessity of presenting corroboration of the material allegations of her complaint or an explanation for its absence. However, the rule requiring corroboration is not inflexible, and may be relaxed where the circumstances of the particular case so warrant. *Brown v. Brown,* 250 S. C. 114, 156 S. E. (2d) 641.

514

Physical cruelty, as used in the divorce law, has generally been defined by our courts as actual personal violence, or such a course of physical treatment as endangers life, limb, or health, and renders cohabitation unsafe. With this definition, we are in accord. In determining what acts constitute cruelty under our statute authorizing a divorce, regard must be had, not only to the provisions of the statute, but also to the circumstances of each particular case. *Godwin v. Godwin,* 245 S. C. 370, 140 S. E. (2d) 593.

The evidence in this case is in sharp conflict, the respondent testifying to acts of physical cruelty and an absolute denial thereof by the appellant. We have examined the report of the Master and the decree of the trial judge and neither contains any analysis of the evidence nor any specific findings of fact, stating only as a conclusion that the respondent was entitled to a divorce on the ground of physical cruelty. Since neither the report of the Master nor the decree contained sufficient pertinent relevant findings of fact, it is impossible to know what fact was the foundation for the decree. The Master's report was clearly not in compliance with Section 10-1412 of the Code.

In *Elrod v. Elrod,* 230 S. C. 109, 94 S. E. (2d) 237, we held that where a special referee made no effort to state the facts found by him, but only found as a fact that the material allegations of the complaint were true and correct, such general conclusion fell far short of compliance with this section.

The case here being one in equity, this Court has jurisdiction on appeal to find the facts in accord with its view of the preponderance of the evidence. *Odom v. Odom,* 248 S. C. 144, 149 S. E. (2d) 353. The appellant asks this Court to exercise that power and make the requisite finding. To do so would require us to consider a 345 page printed record. We prefer, in this case, to follow the procedure outlined in *Smith v. Smith,* 253 S. C. 350,

170 S. E. (2d) 650, where Justice Bussey, in writing for a unanimous court, said:

"Under the circumstances of the present case, we do not feel that this court would be warranted in finding the pertinent and controlling facts from a cold record, we not having the benefit of any specific findings of fact by the lower court, nor any expressions from that court evaluating the testimony and credibility of the various witnesses. We are of the view that justice will be served by remanding the cause to the lower court to the end that specific findings of fact may be made there and a decree entered, either granting or denying the divorce, in accordance with such findings of fact and the pertinent principles of applicable law. We intimate no opinion as to whether or not the wife is entitled to a divorce, holding only that she is entitled to a judicious and comprehensive decision of that issue."

Family Court Rule 13 requires that the orders and decrees of the trial court shall set forth the salient facts upon which the order is granted. When there is a failure to observe this rule we have reversed and remanded the case to the lower court for reconsideration in the light of the rule. *Powell v. Powell,* 256 S. C. 111, 181 S. E. (2d) 13. In the instant case we have no proper basis for appellate review, because of a lack of any specific findings of fact by the lower court. It follows that we must, on this ground, reverse the conclusion of the lower court and remand the case to the lower court for reconsideration of this question.

In this case the wife based her right to a divorce upon the ground of physical cruelty. The husband specifically and categorically denied any acts of physical cruelty upon his wife. This being true, the burden was upon the wife to present corroboration of the material allegations of her complaint. The court below credited the testimony of the wife and held that no further corroboration of her testimony was necessary to this end. We have held

that the rule requiring corroboration is not mandatory, and the necessity of such to a large extent depends upon the facts and circumstances of each case. We think this is such a case in which corroborating evidene is necessary.

The appellant alleges error on the part of the lower court in awarding custody of the minor child of the parties to the wife on the ground that she is unfit to have custody because of emotional problems.

We have held that in all child custody controversies the welfare of the child and what is in his best interest is the primary, paramount and controlling consideration. We have applied what we refer to as the tender years doctrine under which the Court has oftentimes found that a child of tender years should be with the mother instead of the father. *Ford v. Ford,* 242 S. C. 344, 130 S. E. (2d) 916. Whether a child should be awarded to the mother under this doctrine depends upon whether she is a competent, fit and proper person to have custody and control of the child.

The report of the Master in this case at length into the testimony concerning the mental state and health of the wife. The testimony from the physicians is that there was no reason why the mother of the child would not be emotionally capable of taking care of him and they could foresee no physical harm to the child by allowing custody to the mother. Based upon this recited testimony, the Master concluded that the mother was a fit and proper person to have custody and control of the child. This finding of fact, supported by the evidence, was affirmed by the trial judge. We, therefore, cannot say that there was error on the part of the lower court in concluding that the mother was entitled to the custody of the child of the parties. The award of the custody of this child to the mother is not final and changed circumstances may authorize the change of custody in the future. *Porter v. Porter,* 246 S. C. 332, 143 S. E. (2d) 619.

The appellant alleges error on the part of the trial judge in imposing upon him extremely limited rights of visitation with his child. He says that restricting his rights of visitation to eight hours on one day of each week is inappropriately severe. We have held that the determination of visitation rights of a child with his parent is a matter addressed to the trial court's discretion and in an absence of a clear abuse thereof, the order granting, denying or limiting such rights will not be disturbed. *Holtzclaw v. Crawford,* 253 S. C. 314, 170 S. E. (2d) 382. We find no abuse of discretion in this regard, and the provision of the order fixing visitation rights is affirmed. However, we point out that the mother should strictly comply with this requirement of the lower court's order, and failing therein, the court should impose proper sanctions for her failure so to do.

The appellant challenges the allowance of maintenance and support for his minor child. Heretofore, we have affirmed the award of custody of the minor child to the mother. It follows that there was no error on the part of the trial judge in requiring the appellant to support his child.

The appellant also complains that the trial court erred in awarding attorney fees to the respondent.

It is well settled that the allowance of counsel fees is a matter largely addressed to the discretion of the trial judge, and the propriety of such an award must be determined in the light of the facts and circumstances of each case. Sections 20-112 of the Code provides that in every action for absolute divorce the wife, whether plaintiff or defendant, may apply for allowance of a fee for her attorneys and if such claim appears well founded, the court shall allow a reasonable sum therefor. Under the circumstances here, we find no abuse of discretion on the part of the lower court in awarding fees for the wife's attorney.

The judgment of the lower court is affirmed in part, and reversed in part, and the case remanded to the lower court

for proceedings not inconsistent with the views herein expressed.

LEWIS, BUSSEY, LITTLEJOHN and NESS, JJ., concur.