**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Clarence Edward Looney and Grover E. Lown, Jr., Respondents,

v.

GrassRoots of South Carolina, Inc., Ed Kelleher, Robert Butler, and Robert Holliday, Appellants.

Appellate Case No. 2011-192973

Appeal From Lexington County
R. Knox McMahon, Circuit Court Judge

Unpublished Opinion No. 2013-UP-177
Heard January 9, 2013 – Filed May 1, 2013

**REVERSED AND REMANDED**

Jonathan P. Whitehead, of The Law Offices of Jonathan P. Whitehead, LLC, of Mauldin and Stephen Fulton Shaw, of Stephen Fulton Shaw Attorney at Law, of Travelers Rest, for Appellants.

S. Jahue Moore and John Calvin Bradley, Jr., both of Moore, Taylor & Thomas, P.A., of West Columbia, for Respondents.

**PER CURIAM:**  In this nonprofit corporation dispute, Ed Kelleher, Robert Butler, Robert Holliday, and GrassRoots of South Carolina, Inc. (Appellants) appeal the circuit court's issuance of a preliminary injunction against them.  We reverse and remand.

"The purpose of a preliminary injunction is to preserve the status quo and prevent irreparable harm to the party requesting it."  *Compton v. S.C. Dep't of Corr.*, 392 S.C. 361, 366, 709 S.E.2d 639, 642 (2011).  The party requesting the preliminary injunction must both allege facts sufficient to state a cause of action for an injunction and demonstrate the relief is reasonably needed to preserve the parties' rights during litigation.  *Id.*  Thus, the party seeking a preliminary injunction must establish "(1) it would suffer irreparable harm if the injunction is not granted; (2) it will likely succeed on the merits of the litigation; and (3) there is an inadequate remedy at law."  *Scratch Golf Co. v. Dunes W. Residential Golf Props., Inc.*, 361 S.C. 117, 121, 603 S.E.2d 905, 908 (2004).

Here, the circuit court failed to consider whether Respondents would suffer irreparable harm if the injunction was not granted or if Respondents had an adequate remedy at law.  Accordingly, we reverse the circuit court's prior order and remand so the circuit court can make the required findings of fact as to all of the elements necessary to establish an injunction.  *See Simons v. Simons*, 263 S.C. 509, 515, 211 S.E.2d 555, 559 (1975) (reversing the family court and remanding so that the family court can include specific findings of fact as required by the family court rules); *State Bd. of Med. Exam'rs v. Gandy*, 248 S.C. 300, 306, 149 S.E.2d 644, 646 (1966) ("Where found necessary to a proper review, the case will be remanded on the court's own motion for specific findings of fact."); Rule 65(d), SCRCP (stating an order issuing an injunction must set forth the reasons for its issuance in specific terms and shall describe in reasonable detail the act or acts to be restrained).

**REVERSED AND REMANDED.**

**HUFF, THOMAS, and GEATHERS, JJ., concur.**