FAYETTE INVESTMENT CORP., APPELLANT, *v.* JACK JOHNSON
CHEVROLET CO., APPELLEE.*

(No. 333—Decided April 15, 1963.)

*Messrs. Jackman, Nichols & Grubbs*, for appellant.
*Messrs. Crabbe & Tanner*, for appellee.

KERNS, P. J. This is an appeal on questions of law from a judgment of the Court of Common Pleas of Madison County.

The factual posture of the case has a familiar appearance. It involves the interpretation of Section 4505.04, Revised Code, a part of the Certificate of Motor Vehicle Title Law.

On July 18, 1958, Goodwin Bros., Inc., of Lexington, Kentucky, sold a 1957 Chevrolet station wagon to Coby's Appliance Service of the same city. A bill of sale was issued to the purchaser and filed with the clerk pursuant to the law of Kentucky. The station wagon was financed, a note and mortgage being executed in favor of Goodwin Bros., Inc., for a part of the purchase price. The note and mortgage were then assigned to Fayette Investment Corporation, the appellant herein. The lien was noted on the bill of sale.

Coby's Appliance Service, the purchaser and mortgagor, was operated by Ed. C. Sparks. On July 30, 1958, Sparks drove the wagon to London, Ohio, and negotiated an exchange with

*Motion to certify the record overruled (38239), March 18, 1964.

the Jack Johnson Chevrolet Company, appellee herein, in which the Chevrolet wagon was traded in as part payment on a 1958 Oldsmobile. Sparks applied for an Ohio certificate of title and falsified his application by stating that there were no liens on the station wagon. In addition to this false statement, Sparks also presented his Kentucky registration to the title deputy in the clerk's office as evidence of ownership.

There is testimony in the record that this evidence of ownership was, in the first instance, considered insufficient by the title deputy, but that she was prevailed upon later by an employee of the appellee to issue the Ohio certificate of title.

The Ohio title, so acquired by Sparks, was assigned to appellee as part of the consideration for the sale of the 1958 Oldsmobile. Sparks returned to Kentucky with the Oldsmobile, but did not make his August or September payments on the note and mortgage secured by the 1957 Chevrolet. On October 8, 1958, however, he paid the August, September and October payments, and on November 18, 1958, he made another payment. The next payment, made by check in January 1959, was returned by the bank on which it was drawn. Investigation thereafter revealed that Sparks and his family had moved; that he had sold his real estate and personal property; and that he no longer had the Chevrolet which was the security for the note and mortgage.

After some discussion between representatives of Fayette Investment Corporation and Jack Johnson Chevrolet Co. concerning the 1957 Chevrolet, none of which has any critical bearing upon the issues in this case, the appellant commenced an action in conversion praying that the original Ohio certificate of title to the wagon "be voided, revoked and set aside as having been obtained fraudulently and that it be held to have been void ab initio and, that defendant be required to account to plaintiff for the sums of money received from the sale of said automobile * * *."

On August 31, 1962, the trial court prepared its own journal entry, which includes certain findings of fact and renders judgment in favor of the appellee, Jack Johnson Chevrolet Co.

In this appeal, the appellant has filed the following assignments of error:

"1. The judgment was contrary to law.

"2. The court was in error in making separate findings of facts and conclusions of law, without a request by either party.

"3. The facts found by the court are not supported by the evidence * * *."

With reference to the first assignment of error, Section 4505.04, Revised Code, provides in part as follows:

"No court in any case at law or in equity shall recognize the right, title, claim, or interest of any person in or to any motor vehicle sold or disposed of, or mortgaged or encumbered, unless evidenced:

"(A) By a certificate of title or a manufacturer's or importer's certificate issued in accordance with Sections 4505.01 to 4505.19, inclusive, of the Revised Code."

As indicated by its case notes, this statute has been the subject of judicial consideration numerous times. However, nothing persuasive appears in any of the reported decisions to remove the facts presented here from the operation of the principles announced in the landmark case of *Kelley Kar Co.* v. *Finkler*, 155 Ohio St., 541.

Although there is evidence that *an employee of the appellee used some influence upon the title clerk to assist Sparks in securing an Ohio title,* there is nothing in the record to support a finding that the employee had any actual knowledge of the misrepresentations or fraudulent conduct of Sparks. On the contrary, it is unreasonable to infer that the appellee accepted the the Ohio title knowing that it was based upon fraudulent representation. This factual variation will not serve therefore to distinguish this case from the *Kelley Kar case.* Nor does the fact that the *Kelley Kar case* was an action in replevin whereas this is an action for conversion give ground for any critical distinction. Both are possessory actions. In a replevin action, the plaintiff must rely upon his own title or right to possession. Likewise, in an action for conversion, the plaintiff must show title or a right to possession at the time of the alleged conversion.

Although there is *dicta* in the case of *Automobile Finance Co.* v. *Munday*, 137 Ohio St., 504, at page 521, to the effect that a certificate of title issued upon false representations is void *ab initio*, the same court, in the *Kelley Kar case*, apparently treated such a title as voidable only in reaching its decision

because obviously nothing which transpires after the issuance of a void certificate of title can give life to it.

In the recent case of *Atlantic Finance Co.* v. *Fisher*, 173 Ohio St., 387, the Supreme Court held that a thief cannot convey valid title to a stolen motor vehicle to a bona fide purchaser for value without notice, although the certificate used in the purported transfer appears valid on its face. That conclusion was based upon the holding that the certificate of title was void *ab initio*. But the court in that case, although afforded an opportunity to do so, did not disturb its pronouncement in the *Kelley Kar case*.

We recognize the difficulty in reconciling the cases which have interpreted Section 4505.04, Revised Code. *The Atlantic Finance case* says that a certificate of title based upon the fraudulent representations of a thief is void in the hands of an innocent purchaser, whereas the *Kelley Kar case* says that a certificate of title based upon the fraudulent representations of a swindler is not void in the hands of an innocent purchaser.

In both cases, however, the certificates of title held by the innocent purchasers were afflicted with the same chronic malady —false representation. For this reason, any distinction between the two cases on this ground is hardly perceivable. Consistency would seem to require that both or neither of the certificates of title held by the innocent purchasers in those cases be declared void *ab initio*.

The only clear line of distinction between the *Atlantic Finance case* and the *Kelley Kar case*, each of which is relied upon heavily by the respective parties to the present action, is that the *plaintiff* in the *one voluntarily relinquished possession of the automobile, whereas in the other, the plaintiff did not voluntarily relinquish possession.*

*This apparently was the deciding factor in the two cases.* And here, the facts, without any critical variation, parallel the facts of the *Kelley Kar case*. Accordingly, the first assignment of error will be overruled.

The second assignment of error is that "the court was in error in making separate findings of fact and conclusions of law without a request by either party."

With reference thereto, the appellant argues as follows:

"The record shows clearly that neither party requested the

court to make findings under the provisions of Revised Code 2315.22
"* * *

"The entry in this case was not drawn by counsel for either plaintiff or defendant. Presumably, it was drawn by the court, mailed with the opinion and received by counsel at the same time. So that the court first volunteered to make separate findings which were included in an entry of its own drafting. It was then approved, filed and mailed to counsel."

We readily agree that such procedure is not customary. We also agree that such procedure is not in complete conformity with court rules. But we fail to see how the appellant was prejudiced thereby. Although a trial court's findings may be general, there is no mandatory requirement that findings be general in nature. Section 2315.22, Revised Code. The second assignment of error is without merit.

The third assignment of error, which claims that three specific findings of the trial court are not supported by the evidence, will likewise be overruled. The opinion of a reviewing court has no force against factual findings based upon conflicting inferences reasonably deducible from the evidence presented. Such was the case here.

There being no prejudicial error in the record, the judgment will be, and hereby is, affirmed.

*Judgment affirmed.*

SHERER and CRAWFORD, JJ., concur.