POLAND CHEVROLET CO. *v.* SHELLY SMITH & SONS ET AL.

[Cite as Poland Chevrolet Co. v. Shelly Smith & Sons, 21 Ohio Misc. 30.]

(No. 43555—Decided June 24, 1969.)

Common Pleas Court of Richland County.

*Messrs. Weldon, Huston & Keyser* and *Mr. John H. Siegenthaler,* for plaintiff.
*Messrs. Calhoun, Benzin & Murphy* and *Mr. Carl E. Murphy,* for defendant, R. E. Morehead & Sons, Inc.

LARSON, J. Plaintiff, a Nebraska corporation, seeks by replevin to secure possession of a 1968 Chevrolet pick-up truck presently in the possession of one defendant, Shelly Smith & Sons, a garage presently having possession and making no other claim to such vehicle, having filed no answer herein. The second defendant, R. E. Moorhead & Sons, Inc., an Ohio corporation, by answer also seeks possession of said vehicle.

The stipulated facts are as follows:

1. The plaintiff, Poland Chevrolet Co., was the original titled owner of the subject 1968 pickup truck, Serial No. CS248J110586, this by virtue of Manufacturer's Statement of Origin (plaintiff's exhibit "A").

2. On Sunday, June 16, 1968, the subject motor vehicle was delivered to one John Owens, at Sargent, Nebraska, in exchange for a check drawn on the Bank of Taylor, Nebraska, by said John Owens, in an amount of $2,655 (plaintiff's exhibit "B"), at which time said John Owens was also given a Dealer's Motor Vehicle Invoice form (plaintiff's exhibit "C").

3. The state of Nebraska has a certificate of title law whereby ownership of an automobile can be transferred only by assignment of title or Manufacturer's Statement of Origin by the owner and the obtaining, by the purchaser, of a certificate of title in said state, and the subject motor vehicle title was never assigned to said John Owens by plaintiff nor was said motor vehicle titled in the state of Nebraska in any name other than that of the plaintiff.

4. The check of said John Owens (plaintiff's exhibit "B") was dishonored by the Bank of Taylor.

5. On November 18, 1968, the subject motor vehicle was taken to the state of Alabama, which has no certificate of title law, and an Alabama Motor Vehicle License (defendant's exhibit "A") was obtained by virtue of the presentation by one John J. Dolson of a receipted bill of sale for the subject motor vehicle from one Decatur Buick and Chevrolet of Decatur, Alabama (defendant's exhibit "B").

6. On November 26, 1968, one John J. Dolson made application for an Ohio certificate of title for the subject motor vehicle (defendant's exhibit "C") and received a Motor Vehicle Physical Inspection Certificate upon said date (defendant's exhibit "D"), and upon said date said John J. Dolson obtained an Ohio certificate of title for the subject motor vehicle (defendant's exhibit "E").

7. On November 29, 1968, said John J. Dolson executed an assignment of the Ohio certificate of title in blank (defendant's exhibit "F").

Plaintiff claims title through manufacturer's statement of origin, which title it never assigned, and defendant Moorhead claims ownership through certificate of title of the state of Ohio to John J. Dolson and assigned by John J. Dolson in blank and delivered to Moorhead. A deter-

mination of right to possession in the ownership of this vehicle involves the interpretation of Section 4505.04, Revised Code, a part of the Certificate of Motor Vehicle Title Law, set out in *Hardware Mutual Casualty Co.* v. *Gall,* 15 Ohio St. 2d 261, as follows:

"Under the provisions of the Ohio Certificate of Motor Vehicle Title Act, absent any question of estoppel arising from an act of the owner, a thief cannot convey valid title to a stolen motor vehicle to a bona fide purchaser for value without notice, although the certificate of title used in the purported transfer appears valid on its face"

This specifically approves paragraph three of the syllabus of *Atlantic Finance Co.* v. *Fisher,* 173 Ohio St. 387. This ruling is dated September 18, 1968, and is the most recent pronouncement in this state on this question.

It is the belief of this court that the Supreme Court of Ohio in its opinion uses the word "thief" as a word of art.

However, it should be noted that nothing to date has been stated to overrule the principle set out in *Kelley Kar Co.* v. *Finkler,* 155 Ohio St. 541. The *Kelley Kar case,* decided in 1951, held "that a certificate of title based upon the fraudulent representation of a swindler is not void in the hands of an innocent purchaser."

Judge Kerns, for the Court of Appeals, Madison County, Ohio, in *Fayette Investment Corp.* v. *Jack Johnson Chevrolet Co.,* 119 Ohio App. 111, gives the following opinion:

"In both cases, however, the certificates of title held by the innocent purchasers were afflicted with the same chronic malady—false representation. For this reason, any distinction between the two cases on this ground is hardly perceivable. Consistency would seem to require that both or neither of the certificates of title held by the innocent purchasers in those cases be declared void *ab initio.*

"The only clear line of distinction between the *Atlantic Finance case* and the *Kelley Kar case,* each of which is relied upon heavily by the respective parties to the present

action, is that the *plaintiff* in the *one voluntarily relinquished possession of the automobile, whereas in the other, the plaintiff did not voluntarily relinquish possession.*" (Emphasis in original.)

From a review of many decisions on this question in Ohio this court reaches agreement with the above opinion of Judge Kerns. Applying such doctrine to the instant case and upon the pleadings, the evidence, the exibits, stipulation, briefs and argument of counsel it is the opinion of this court that the petition of plaintiff Poland Chevrolet Co. is not well taken and is denied and that the prayer of the defendant R. E. Moorhead & Sons, Inc., as set out in its answer is well taken and is sustained and that said R. E. Moorhead & Sons, Inc., is entitled to immediate possession of such motor vehicle.

*Judgment accordingly.*