## 19059

**STEPHENSON FINANCE COMPANY OF AUGUSTA, INC.,** Respondent, v. Thomas S. BRUCE and Nora B. BRUCE, d/b/a P. L. Bruce & Company, and N. A. Waldrop's Used Cars, Appellants.

(174 S. E. (2d) 750)

*Messrs. C. T. Wyche, James C. Parham, Jr.,* and *James M. Shoemaker, Jr., of Wyche, Burgess, Freeman & Parham, P. A.,* of Greenville, *for Appellants,*

*Messrs. J. D. Todd, Jr.,* and *J. Brantley Phillips, Jr.,* of *Leatherwood, Walker, Todd & Mann,* of Greenville, *for Respondent,*

May 27, 1970.

BUSSEY, Justice.

In this claim and delivery action the respondent, Stephenson Finance Company, a Georgia corporation, hereinafter referred to simply as Stephenson, sought to recover various automobiles or, in lieu thereof, the value of the same. The appellants are a partnership engaged in the automobile business in Greenville, South Carolina, and will be herein referred to simply as Bruce. The case arises out of transactions by the parties with Richmond Motor Sales, a partnership of Augusta, Georgia, not a party to this action, which will be referred to simply as Richmond.

The appeal is from a judgment in favor of the respondent in the sum of $9,681.00, such being the stipulated value of thirteen motor vehicles which, by agreement, were sold during the pendency of the action to avoid further depreciation in value. Still other vehicles were initially, but are not now, involved. The cause was referred to the Master in Equity for Greenville County, apparently by consent since a claim and delivery action is an action at law. *Middleton v. Robinson*, 202 S. C. 418, 25 S. E. (2d) 474 (1943); 77 C. J. S. Replevin §§ 1, 10. The Master in Equity filed a comprehensive report in which he made various factual findings adverse to the contentions of the appellants, and recommended that Stephenson have judgment against Bruce for the sum of $9,681.00. His findings of fact and conclusions of law were confirmed by the circuit decree and judgment granted accordingly.

The rights of the parties are concededly controlled by the law of Georgia, and more particularly the provisions of the Uniform Commercial Code of that state which, in the particulars here pertinent, appear to be identical with the Uni-

form Commercial Code of this state. The litigation between the parties arises out of the following facts. The thirteen automobiles, the value of which is still involved in this cause, and other automobiles were sold by Bruce to Richmond between May 1966 and September 13, 1966. In each instance Bruce delivered to Richmond various indicia of ownership relative to each of the automobiles, consisting of state title certificates, prior bills of sale, Bruce guaranteed title certificates, Bruce bills of sale, and registration certificates. Richmond made payment for such vehicles from time to time by its checks which were accepted by Bruce. Some of Richmond's checks were paid upon presentation, but others were not, and, on September 13, 1966, at which time Richmond was insolvent, Bruce was the holder of a Richmond check in the amount of $4,675.00, dated July 23, 1966, which had never been negotiated; and another check in the amount of $6,740.00, dated August 20, 1966, which latter check had been repeatedly presented to the bank but not paid for lack of sufficient funds.

When the aforesaid automobiles were sold to Richmond, Stephenson was furnishing floor plan financing to Richmond and, as the automobiles were acquired by Richmond, security agreements upon each of them were executed by Richmond to Stephenson, which had previously filed in the office of the Clerk of the Superior Court of Richmond County, Georgia, the Financing Statement complying with the provisions of Sec. 109A-9-402 of the Uniform Commercial Code of Georgia. In brief, it is conceded that Stephenson had a perfected security interest in each of the thirteen automobiles here involved on September 13, 1966, and Stephenson had actually advanced funds to Richmond upon such security. All indicia of ownership delivered by Bruce to Richmond were in turn delivered by Richmond to Stephenson upon the execution of the security agreements by Richmond to Stephenson.

On September 13, 1966, Bruce reacquired the thirteen automobiles from Richmond's lot in Augusta and transported

the same to Greenville. As consideration for this transfer by Richmond, Bruce delivered to Richmond the two worthless checks of Richmond, hereinabove mentioned. Richmond executed either a bill of sale or bills of sale to Bruce but delivered no indicia of ownership, such being in the possession of Stephenson.

The defenses initially pled by Bruce have now been largely, if not completely, abandoned. Bruce pled, *inter alia,* that it was a bona fide purchaser for valuable consideration and that under the applicable law it obtained good title to the automobiles free and clear of the liens of Stephenson. The record clearly reflects that Bruce contended below, *inter alia,* that it was protected as "a buyer in ordinary course of business", even though it had knowledge of the existence of Stephenson's liens, by virtue of the provisions of Sec. 109A-9-307 of the Georgia Code. The lower court found and held, *inter alia,* that Bruce was not "a buyer in ordinary course of business", within the definition of such contained in Sec. 109A-1-201 of the Georgia Code, since the transfer from Richmond to Bruce was in total or partial statisfaction of a money debt, and since Bruce had knowledge that the transfer was in violation of Stephenson's rights. (For comparable sections of the South Carolina Uniform Commercial Code see Secs. 10-1-201(9) and 10.9-307.)

While it is not here expressly conceded that the transfer from Richmond to Bruce was "in total or partial satisfaction of a money debt", we do not understand Bruce to seriously argue otherwise.

The exceptions and brief of the appellants were not prepared in strict compliance with the rules of this court, thus presenting difficulty for the court in ascertaining precisely what issue or issues are before us for consideration. However only a single question is stated, and the consideration of a single contention embodied therein is sufficient for the proper disposition of this appeal.

Such contention is that the sale of the automobiles by Richmond to Bruce on September 13, 1966, was authorized by Stephenson and that under the provisions of Sec. 109A-9-306(2) of the Georgia Code, Bruce acquired good title to the vehicles free and clear of Stephenson's liens. (The comparable South Carolina Code Sec. is 10.9-306(2).) The pertinent statutory language relied upon is as follows:

"A security interest continues in collateral notwithstanding sale, exchange or other disposition thereof by the debtor unless his action was authorized by the secured party in the security agreement or otherwise."

Bruce now charges that the lower court was in error in failing to realize and hold that Georgia Code Sec. 109A-9-306(2), rather than Sec. 109A-9-307, governed the rights of the parties. There is nothing whatever in the record to clearly indicate that the contention which Bruce now makes was ever brough to the attention of the lower court. Certainly, Bruce did not plead that the transfer to Richmond by Bruce was authorized by Sephenson and neither the pleadings, the Master's report, nor Bruce's exceptions thereto make reference to Sec. 109A-9-306. Under these circumstances, it is at best doubtful whether the issue has been properly presented or preserved for review. If it be conceded, however, that the issue is properly before us, we think there is no merit in Bruce's present contention. We deem it unnecessary to a decision to discuss at length, or attempt to construe, the Georgia Code Section now relied upon by Bruce for the simple reason that, in the final analysis, a factual issue determined adversely to Bruce below is dispositive of the appeal.

This is an action at law and it is elementary that the findings of fact made by the court below are binding upon this court if there is competent evidence to support such findings of fact. Findings of fact by the master, confirmed by the circuit decree, include the following:

"I further find as a fact that Bruce did not buy the vehicles in the ordinary course of business or on any other valid basis * * * I further find as a fact that from all of the facts and surrounding circumstances there was no authorization by Stephenson to Richmond for such transfer of the thirteen vehicles to Bruce * * *."

Both the master's report and the decree of the circuit court contain findings to the effect that Bruce was not without knowledge that the sale to it by Richmond was in violation of the security interests of Stephenson.

We deem it unnecessary to review the evidence in detail, it being sufficient to say that all of the foregoing findings are amply supported by competent evidence. Knowledge of the security interests of Stephenson in the automobiles and of the transfer being in violation of the rights of Stephenson was tacitly, if not expressly, admitted in the testimony adduced on behalf of Bruce. While all floor plan financing of necessity contemplates the sale of the collateral property in the ordinary course of business, we find nothing in the facts and circumstances disclosed by the record here from which it could be reasonably inferred that transfer of the thirteen automobiles by Richmond to Bruce for the two practically worthless checks was in fact authorized by Stephenson "in the security agreements or otherwise."

The appeal is, we think, clearly without merit, and the judgment of the lower court is, accordingly,

Affirmed.

Moss, C. J., and Lewis, Brailsford and Littlejohn, JJ., concur.