Stephen Smyk, J.
Plaintiff is a dealer in new and used cars. On or about June 10, 1971 he was approached by one Robert Miller, a used car dealer, who purchased from the plaintiff a 1965 and 1969 Volkswagen automobile at wholesale for $1,625. Although the plaintiff turned over said vehicles to Miller, he indicated to him that Miller was not to dispose of the vehicles in the meantime and that he would not give him the MV-50 title forms until such time as Miller’s check cleared the bank. Plaintiff’s fears were justified since there were insufficient funds in Miller’s account to pay the check.
Shortly after taking possession of these two vehicles, Miller contrary to his promise sold them to the defendant, also a new and used car dealer in the community, for the sum of $1,525. As a used car dealer Miller completed and furnished the defendant with his own MV-50 title forms.
It was conceded at the argument of this motion that defendant’s check to Miller was simply indorsed by Miller and handed back to the defendant who applied it in partial satisfaction of Miller’s pre-existing and running account with the defendant.
The plaintiff’s action in replevin was commenced on June 16, *179 1971 and the automobiles in question by order of this court were seized a few days later by the Sheriff of Broome County. Shortly thereafter the defendant undertook to reclaim the chattels which are still in the possession of the Sheriff.
The parties, by motion and cross motion, now ask for summary judgment and return of the vehicles.
The issues before the court are twofold:
1. Whether the delivery of the two vehicles from the plaintiff to Miller constituted an entrustment within the meaning of subdivision (3) of section 2-403 of the Uniform Commercial Code, and
2. Whether the defendant was a buyer in the ordinary course of business within the meaning of subdivision (9) of section 1-201 of the Uniform Commercial Code.
There is a dearth of reported cases in this State although other jurisdictions operating with the Uniform Commercial Code have considered similar issues.
It is to be noted that when entrustment is the consequence of the buyer’s leaving the goods in the possession of the seller, the buyer’s interest is subject to the peril of the claims of creditors of the seller, as well as the divestiture of his title in favor of a buyer in ordinary course by virtue of the entrustment provision.
The entrustment provision applies to all kinds of goods. It has been judicially intimated in several other States that the entrustment provision should not apply to used automobiles because the buyer ordinarily knows or possibly should know that a certificate of title is outstanding. (Sterling Acceptance Co. v. Grimes, 194 Pa. Super. Ct. 503.) The code, however, makes no express exception in the case of used cars (Commercial Credit Corp. v. Associates Discount Corp., 246 Ark. 118; Poland Chevrolet Co. v. Smith & Sons, 21 Ohio Misc. 30).
When there is an entrustment within the meaning of the code, it is immaterial what instructions are given by the entruster to the entrustee. Consequently, whether the owner of property entrusted to a dealer for resale places any limitations on the dealer is of no consequence with respect to the operation of the code when the buyer is a buyer in the ordinary course from the dealer and had no knowledge of such limitations. (Gricar v. Bairhalter, 11 Pa. D. & C. 2d 723.) A used car dealer is a dealer in goods of that kind with respect to a used car, so that the entrustment provision is applicable when a used car is delivered to a used car dealer and secret instructions given to him do not bind or affect the buyer in ordinary course purchasing from him. *180 (Medico Leasing Co. v. Smith, 457 P. 2d 548 [Okla.].) "Where the entrustee has specific instructions to sell the vehicle, the code does not come into play. A subsequent problem would be dealt with under the ordinary principles and rules of agency law. (Atlas Auto Rental Corp. v. Weisberg, 54 Misc 2d 168.)
Thus, the court now determines that the plaintiff did in fact entrust the said Miller with the two vehicles within the meaning of the code definition of entrustment.
The defendant maintains that the vehicles now belong to him since he, as a dealer in cars and making the purchase from another dealer in good faith, is a buyer in the ordinary course of business.
The definition of buyer in the ordinary course of business as found in subdivision (9) of section 1-201 of the Uniform Commercial Code clearly excludes a transaction by which payment is credited in total or partial satisfaction of a money debt. By paying Miller with his check and accepting it back in such partial satisfaction of his account, the defendant may no longer maintain that he is a buyer in the ordinary course of business.
As Dean William D. Hawkland in Sales and Bulk Sales, at page 106, makes clear, subdivision (2) of section 2-403 of the Uniform Commercial Code defining the authority of the entrustee does not protect good faith purchasers, as such, but only protects buyers in the ordinary course of business and even though the defendant was a purchaser in good faith, his handling of the transaction with Miller destroys his asserted status as a buyer in the ordinary course of business.
The plaintiff’s motion for summary judgment is granted and the Sheriff is directed to return the vehicles to the plaintiff. The plaintiff is entitled to fees and expenses necessarily incurred by the plaintiff or the Sheriff of Broome County in seizing and keeping the vehicles and these may be taxed as costs. Accordingly, defendant’s cross motion is denied.