## In re SKINNER LUMBER COMPANY, INC., Debtor.

## WALTER E. HELLER & COMPANY, SOUTHEAST, INC., Plaintiff,

v.

## TAYLOR–RAMSEY CORPORATION, and Kevin Campbell, as Trustee for Skinner Lumber Company, Inc., Defendants.

Bankruptcy No. 81–01528.
Complaint No. 82–0468.

United States Bankruptcy Court,
D. South Carolina.

Feb. 7, 1983.

---

W.E.S. Robinson, Anderson & Robinson, Columbia, S.C., for plaintiff.

Hardwick Stuart, Jr., Columbia, S.C., for defendants.

## ORDER

J. BRATTON DAVIS, Bankruptcy Judge.

### FACTS

By this court's order of November 11, 1982, issued upon the Proposed Joint Pre-trial Order submitted by plaintiff, Walter E. Heller & Company, Southeast, Inc. (Heller), and by defendant, Taylor-Ramsey Corporation (Taylor-Ramsey), the facts that follow are stipulated.

Heller has a perfected first security interest in the debtor's inventory. The security agreement between Heller and the debtor provides, in part:

Until default, Borrower may use the Inventory in any lawful manner not inconsistent with this Agreement ... and may also sell the Inventory in the ordinary course of business, on open account, for cash or for merchandise of equal value .... A sale in the ordinary course of business does not include a transfer in partial or total satisfaction of a debt owing by Borrower to someone other than

Heller, nor shall a sale in the ordinary course of business be deemed to include a transfer in exchange for services rendered by any third party.

Taylor-Ramsey, a merchant in the lumber industry, with no knowledge of this agreement, received inventory from the debtor (Skinner) on various dates totalling $26,098.02. Less credits of $1,539.61, the net amount owing to Skinner was $24,558.41—none of which has been paid to Skinner, but Taylor-Ramsey has set off $24,468.95 against the purchase price of the inventory (which Skinner owed to Taylor-Ramsey).

Heller has made demand for payment of the $24,468.95 from Skinner, Skinner's trustee and Taylor-Ramsey; but has received nothing.

### ISSUE

Heller and Taylor-Ramsey have stipulated that the sole issue is whether Taylor-Ramsey is a "buyer in ordinary course of business" pursuant to S.C.Code § 36–9–307(1) (1976).[1]

### DISCUSSION

Under § 36–9–307(1) a "buyer in ordinary course of business ... takes free of a security interest created by his seller even though the security interest is perfected and even though the buyer knows of its existence." Taylor-Ramsey claims to be such a buyer.

Section 36–1–201(9) says that a "buyer in ordinary course" is:

[A] person who in good faith and without knowledge that the sale to him is in violation of the ownership rights or security interest of a third party in the goods buys in ordinary course from a person in the business of selling goods of that kind but does not include a pawnbroker. 'Buying' may be for cash or by exchange of other property or on secured or unsecured credit and includes receiving goods or documents of title under a preexisting contract for sale but does not include a transfer in bulk or as security for or in

---

1. Further reference to the South Carolina Code of Laws will be by section only.

total or partial satisfaction of a money debt.

The crux of the section is the term "buys." If an alleged "buyer in ordinary course" does not *buy* goods, a discussion of the additional requirements, such as good faith, would be superfluous.

Under § 36–1–201(9), "buying" "does not include a transfer in bulk or as security for or in total or partial satisfaction of a money debt." The money the debtor owed to Taylor-Ramsey was a debt. A debt is a "specified sum of money owing to one person from another, including not only obligation of debtor to pay but right of creditor to receive and enforce payment." Black's Law Dictionary 363 (5th ed. 1979). Under the Bankruptcy Code of 1978, 11 U.S.C. § 101(11), a debt is defined as "liability on a claim".

Section 36–1–201(9) was discussed by the South Carolina Supreme Court in *Stephenson Finance Co. of Augusta, Inc. v. Bruce,* 254 S.C. 249, 174 S.E.2d 750 (1970). There, the court applied Georgia's Uniform Commercial Code (U.C.C.), the applicable provisions of which were found to be identical to South Carolina's U.C.C.

The defendant, Bruce, sold thirteen automobiles to Richmond Motor Sales, which in turn issued two worthless checks to the defendant as payment. The plaintiff, Stephenson Finance Co. of Augusta, Inc., furnished floor plan financing to Richmond and perfected a security interest in each of the thirteen automobiles. Subsequently, the defendant reacquired the automobiles; as consideration the defendant returned to Richmond the two worthless checks. The court upheld the lower court's finding that the defendant was not "a buyer within ordinary course of business" under U.C.C. § 1–201(9) because the transfer was "in total or partial satisfaction of a money debt" and the defendant knowingly violated the plaintiff's rights. Id. at 751, 752.

In *National Acceptance Co. of America v. Virginia Capital Bank,* 491 F.Supp. 1269 (E.D.Va.1980), where the situation was very similar to the case here, a creditor, Mitsubishi International Corporation, had perfected a security interest in the debtor's inventory and proceeds. Thereafter, the debtor opened accounts with the defendant bank where the debtor deposited the proceeds of its inventory. The bank then set off, against the accounts, amounts which the debtor had previously owed to the bank. The court found that the bank was not a buyer in ordinary course of business under Virginia's version of U.C.C. § 1–201(9), the relevant portions of which are identical to South Carolina's. The court reasoned that the debtor was not in the business of selling the funds in its bank accounts and that the bank took the proceeds in satisfaction of an antecedent indebtedness. *Id.* at 1276.

A "buyer in ordinary course of business" under U.C.C. § 1–201(9) does not include one who uses a transfer for total or partial satisfaction of a money debt. *Mitchell v. Rock Hill National Bank (In re Mid-Atlantic Piping Products of Charlotte, Inc.),* 24 B.R. 314 (W.D.N.C.1982) (construing § 36–1–201(9)); *Ray v. City Bank & Trust Co. of Natchez, Mississippi,* 358 F.Supp. 630 (S.D. Ohio 1973); *Evans Products Co. v. Jorgensen,* 245 Or. 262, 421 P.2d 978 (1966); *Sherman v. Roger Kresge, Inc.,* 323 N.Y.S.2d 804, 67 Misc.2d 178, 9 U.C.C.Rep. 858 (1971); *Chrysler Credit Corp. v. Malone,* 502 S.W.2d 910 (Tex.Civ.App.1973).

This court concludes that Taylor-Ramsey has not met its burden of proving[2] the threshold issue that it was "buying" pursuant to § 36–9–307(1) and § 36–1–201(11), *ergo,* no protection from Heller's perfected security interest is available to Taylor-Ramsey.

## ORDER

It is, therefore, ORDERED, ADJUDGED AND DECREED that the plaintiff have judgment against the defendant Taylor-Ramsey, for possession of the inventory valued at $24,558.41, or in the alternative, for payment of $24,558.41.

---

2. In *Gary Aircraft Corp. v. General Dynamics Corp.,* 681 F.2d 365 (5th Cir.1982), the court stated that the party claiming the "buyer" status has the burden of proof.