OPINION OF THE COURT
David B. Cohen, J.
Blue River Gems Inc. (plaintiff) owned a gold and diamond necklace, that plaintiff valued at approximately $400,000. On August 8, 2013, plaintiff consigned the necklace to defendant S.V. & V. Diamond Corp. (SV & V) pursuant to a written memorandum. When SV & V obtained the necklace, the memorandum of consignment stated that the necklace “remained the property of Blue River Gems” and that SV & V acquired “no right or authority to sell, hypothecate or otherwise dispose of the merchandise.”
On August 22, 2013, SV & V transferred the necklace to defendant Michael Gross Diamonds Inc. (MGD). The nature of that transfer is the subject of dispute between the parties. Plaintiff and SV & V contend that the necklace was consigned (wrongfully) by SV & V to MGD and have attached a memorandum of consignment attesting to such. MGD disputes that the transfer was a consignment and states that the memorandum is a forgery. Instead, Michael Gross, the president of MGD, states that SV & V was indebted to MGD for more than $1,000,000 for diamonds that had been consigned by MGD to SV & V. MGD agreed that if SV & V gave the necklace to MGD, MGD would return $340,000 worth of memoranda of consignment in “satisfaction of a corresponding amount of [its] debt to MGD.” Upon delivery of the necklace, MGD gave it three memoranda “signifying the forgiveness of $339,456.30” of debt. Thus, MGD argues that the transfer was not a consignment at all but an exchange of the necklace for the diamonds.
At some point, plaintiff learned that MGD had possession of the necklace and sought return of the necklace from MGD. Upon MGD’s refusal to return the necklace, plaintiff commenced the instant action. The complaint alleges against MGD two causes of action, one for conversion and one for unjust enrichment. The instant motion seeks summary judgment against MGD on the two causes of action.
“A conversion takes place when someone, intentionally and without authority, assumes or exercises *452 control over personal property belonging to someone else, interfering with that person’s right of possession (State of New York v Seventh Regiment Fund, 98 NY2d 249 [2002]). Two key elements of conversion are (1) plaintiff’s possessory right or interest in the property (Pierpoint v Hoyt, 260 NY 26 [1932]; Seventh Regiment Fund, 98 NY2d at 259) and (2) defendant’s dominion over the property or interference with it, in derogation of plaintiff’s rights” (Colavito v New York Organ Donor Network, Inc., 8 NY3d 43, 49-50 [2006]).
It is undisputed that plaintiff was the owner of the necklace and that MGD now has possession of the necklace and refuses to return it to plaintiff. The only question is whether MGD has some right to retain the necklace.
Uniform Commercial Code § 2-403 (2) provides “[a]ny entrusting of possession of goods to a merchant who deals in goods of that kind gives him power to transfer all rights of the entruster to a buyer in ordinary course of business” (emphasis added). This provision protects a buyer in the ordinary course of business who purchases goods from a merchant. It is undisputed that plaintiff entrusted the necklace to SV & V, however, the parties dispute both whether SV & V is a merchant and whether MGD is a buyer in the ordinary course of business. Thus, for MGD to defeat the motion for summary judgment and raise a genuine question as to whether it has a right to retain the necklace under the entrustment statute, the court must find a genuine issue of fact whether SV & V is a merchant and whether MGD is a buyer in the ordinary course of business.
A merchant under the UCC is defined as:
“a person who deals in goods of the kind or otherwise by his occupation holds himself out as having knowledge or skill peculiar to the practices or goods involved in the transaction or to whom such knowledge or skill may be attributed by his employment of an agent or broker or other intermediary who by his occupation holds himself out as having such knowledge or skill.” (UCC 2-104 [1].)
A buyer in the ordinary course of business is defined as:
“a person that buys goods in good faith, without knowledge that the sale violates the rights of another person in the goods, and in the ordinary course from a person, other than a pawnbroker, in *453 the business of selling goods of that kind. A person buys goods in the ordinary course if the sale to the person comports with the usual or customary practices in the kind of business in which the seller is engaged or with the seller’s own usual or customary practices. ... A buyer in ordinary course of business may buy for cash, by exchange of other property. . . . ‘Buyer in ordinary course of business’ does not include a person that acquires goods in a transfer in bulk or as security for or in total or partial satisfaction of a money debt.” (UCC 1-201 [b] [9].)
In Porter v Wertz (68 AD2d 141 [1979], affd 53 NY2d 696 [1981]), in examining the entrustment statute of a merchant buyer, the Court held that buyer in the ordinary course of business “should not—and cannot—be interpreted to permit, countenance or condone commercial standards of sharp trade practice or indifference as to the ‘provenance,’ i.e., history of ownership or the right to possess or sell an object d’art, such as is present in the case before us” (id. at 146). Given their knowledge of the practices of their trade, merchants or dealers, when acting as purchasers, are held to a “heightened standard” of commercial reasonableness in part to prevent them from shielding their purchase of stolen or misappropriated goods behind the assertion that they acted in good faith (Dorothy G. Bender Found., Inc. v Carroll, 40 Misc 3d 1231 [A], 2013 NY Slip Op 51362[U] [Sup Ct, NY County 2013], amended 2013 WL 4506248 [Sup Ct, NY County, Aug. 23, 2013, Kornreich, J., index No. 601375/2009], affd 126 AD3d 585 [1st Dept 2015]). In affirming Justice Kornreich, the Appellate Division, First Department held, that “by going forward with the transaction despite these red flags, [defendant] did not observe the reasonable commercial standards of the art trade” and was not a buyer in the ordinary course of business (Dorothy G. Bender Found., Inc. v Carroll, 126 AD3d 585, 587 [1st Dept 2015], lv denied 26 NY3d 905 [2015]; see also Overton v Art Fin. Partners LLC, 166 F Supp 3d 388 [SD NY 2016]; Davis v Carroll, 937 F Supp 2d 390 [SD NY 2013]).
Although New York law does not expressly identify the parameters of red flags to be considered by a merchant buyer, the Overton and Davis cases have articulated four possible red flags in this context: (1) whether the sale price is obviously below market, (2) whether the negotiations or procedure of the sale differed from previous transactions between buyer and *454 seller, (3) whether the buyer was aware of the seller’s financial difficulties, or (4) whether the buyer would have reason to doubt the seller’s ownership (see Overton, 166 F Supp 3d at 401; Davis v Carroll, 937 F Supp 2d at 426, citing Joseph P. Carroll Ltd. v Baker, 889 F Supp 2d 593 [SD NY 2012]). Although the Porter, Overton and Davis cases are cases that deal with pieces of art, the court finds their holdings instructive in this matter of a unique and expensive piece of jewelry and in an industry that has the Gemological Institute of America, where a colored diamond identification and origin report and related information can be obtained. Additionally, the First Department in Dorothy G. agreed with the concept that a merchant buyer should be required to observe the reasonable commercial standards of its trade or risk not being deemed a buyer in the ordinary course of business.
Here, MGD has satisfied its burden of raising a genuine issue of fact as to whether SV & V is a merchant. MGD has submitted the affidavit of Michael Gross and his former employee stating that SV & V engaged in consignment and selling activities. Indeed, the very consignment memoranda relied on by plaintiff as proof of SV & V’s alleged consignment of the necklace to MGD has a box that indicates that SV & V may engage in sales or consignment. Additionally, in the affidavit of Kalman Klein submitted by plaintiff, despite retaining final approval of any proposed sale, Mr. Klein admits to asking SV & V whether the necklace “had been sold or when [he] could expect its return.” Thus, it appears that SV & V was entrusted with possession and that SV & V deals in jewelry such as the necklace and would fall under the category of a merchant for these purposes. Although plaintiff argues that Zaretsky v William Goldberg Diamond Corp. (820 F3d 513 [2d Cir 2016]) is instructive, there the court found that a celebrity fashion stylist was not a jewelry merchant because he did not deal in goods of the kind. Here, MGD has satisfied its burden of raising a genuine issue of fact as to whether SV & V is a merchant and deals in jewelry.
However, MGD does not satisfy the buyer in the ordinary course of business prong of the entrustment statute. According to the Gross affidavit, SV & V was “indebted to MGD for over $1 million” for diamonds which had been consigned to SV & V, claimed to have been sold and not paid for. Further, the necklace was exchanged “as partial satisfaction of that debt.” On August 22, 2013, the date that SV & V delivered the *455 necklace to MGD, no goods were given to SV & V; rather, MGD gave SV & V “original copies of three memoranda signifying the forgiveness of $339,456.30 of his debt to MGD.”
It is clear from Mr. Gross’s affidavit that no actual exchange of goods took place on August 22, 2013, that the notes he handed to SV & V were in satisfaction of a debt, that MGD was releasing its claim relating to goods that it believed were previously sold and now indebted for and that exchange of the necklace was in forgiveness of debt to MGD. As buyer in the ordinary course of business specifically excludes a person that acquires goods in “partial satisfaction of a money debt,” MGD cannot be deemed a buyer in the ordinary course of business (see Sherman v Roger Kresge, Inc., 67 Misc 2d 178, 180 [Broome County Ct 1971], affd 40 AD2d 766 [3d Dept 1972]).
MGD also fails the good faith test under the UCC and under Porter. Under the UCC “[a] person buys goods in the ordinary course if the sale to the person comports with the usual or customary practices in the kind of business in which the seller is engaged or with the seller’s own usual or customary practices” (UCC 1-201 [b] [9]). Here, although MGD argues an invoice from the transaction is not necessary for proof of ownership, MGD concedes that invoices and billing statements are customary to record the details of transactions. Further, MGD does not dispute that while not necessary as proof, it is nevertheless the “custom and practice of the jewelry industry to issue an invoice in order to evidence that a purchase of jewelry was effectuated and that ownership interest transferred.” Here, MGD failed to take any action to ascertain the true ownership of the necklace, and then failed to adhere to custom by obtaining an invoice or other proof of ownership. Permitting MGD to use the entrustment statute as a shield despite its own inac-tions and the clear red flags would violate the principle set forth in the UCC and Porter.
Further, using the standards set forth in Overton as guides, it is clear that there were “red flags.” Despite the knowledge that SV & V dealt with jewelry not owned by SV & V, that SV & V was having financial problems as evidenced by SV & V’s lack of payments to MGD and, through its own experiences that SV & V would sometimes sell a consigned piece and not remit the payment, MGD still took the necklace without any investigation. By going forward with the transaction despite these red flags, MGD did not observe the reasonable commercial standards and did not proceed in good faith.
*456 For the above reasons, the court finds that MGD is not protected by the entrustment statute and that it has no valid basis to retain the necklace. Thus, summary judgment is granted to plaintiff on its cause of action for conversion. As there are genuine issues of material fact on the sixth cause of action for unjust enrichment, summary judgment on that cause of action is denied. Accordingly, it is hereby ordered that plaintiff is awarded summary judgment on the fifth cause of action for conversion; and it is further ordered that plaintiff’s motion for summary judgment on the sixth cause of action for unjust enrichment is denied; and it is further ordered that there shall be a trial on the issue of damages on the fifth cause of action.